## DAWSON VS. GURLEY.

An agreement between several persons to apportion, when recovered, the reward offered for the apprehension of a fugitive from justice, does not constitute a partnership in the legal sense of that term.

In such case, one who receives the entire reward is liable to each of the others for his proportion in an action for money had and received.

*Appeal from Searcy Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS & COX for appellant.

A non-suit cannot be ordered in any case by the court without the consent and acquiescence of the plaintiff. *Martin vs. Webb,* 5 *Ark.* 72; *Ib.* 161; 14 *Ib.* 162; 707; 15 *Ib.* 122.

JORDAN, for the appellee.

One partner cannot sue his co-partner at law. 1 *Ch. Pl.* 39, 40; 1 *Saund. Pl. & Ev.* 141, 2, 3; 2 *Ib.* 701; 1 *Story* 157; 2 *Ib.* 672, 702.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

In the early part of 1858, a man passed through Burrowville, in Searcy county, who was recognized by the appellant as a fugitive from a criminal charge in Missouri, for whose delivery in Cassville, Missouri, a reward had been offered. While Dawson was conferring with a neighbor about Blankenship, the fugitive, he learned that he had just passed the place where he was, and that Gurley, the appellee, was in pursuit of Blan-

kenship, for the perpetration of an offence against him. Accordingly, the appellant and Jno. J. Dawson went on in the direction Gurley had gone, and soon John J. Dawson and John M. Hensley overtook Gurley, when the former informed the others that the man whom Gurley was in pursuit of, and who had given his name to Gurley as Williams, was a Blankenship, who was charged with poisoning his wife, and for whose delivery in Missouri a reward had been offered. The three persons, John J. Dawson, Hensley, and the appellee, then agreed to arrest Blankenship, take him to Missouri, and if there should be any reward for him, divide it equally between the three, and Allen Dawson, the appellant, and if there should be no reward, that each one of the four should bear his own expenses and lose his own time. The arrest was made, Blankenship was taken to Cassville, Missouri, and the citizens of the vicinity subscribed between one hundred and ninety and two hundred dollars for the captors, of which eighty-two and a half dollars were collected, and received by John J. Dawson, who paid out of it twelve dollars and a half, the tavern bill of himself, the appellant and the appellee. The appellee went to Springfield to obtain an additional reward that was expected from that place or neighborhood, and upon his return to Cassville, he informed John J. Dawson that he had taken a note of the father of Blankenship's wife for five hundred dollars, as his reward for the arrest and delivery of Blankenship, which he had cashed for four hundred and fifty dollars. The parties returned to Searcy county, and at parting, the appellee told John J. Dawson to meet him in Burrowville the next day, to settle about the reward received. In several conversations between the appellee and John J. Dawson about a settlement of this matter, the appellee did not deny the agreement, but refused to settle, and John J. Dawson once heard the appellant demand of the appellee a settlement, and the part of the reward money that was due to the appellant under the agreement, the appellee refused to pay any money, but did not deny the agreement.

Such is the substance of the evidence of John J. Dawson

Jno. M. Hensley testified to the same facts, so far as concerned the arrest, and the agreement about the reward, and that the three captors of Blankenship, other than himself, the next day after the arrest, started toward Missouri with Blankenship. This was all the testimony of the case; it being an action of assumpsit, by Allen Dawson against Gurley for his portion of the four hundred and fifty dollars received by Gurley for the arrest of Blankenship. The case was on trial before a jury, on the general issue. After the appellant had introduced the testimony above given, the appellee moved the court to dismiss the case, as in case of non-suit, which motion the court sustained, by discharging the jury, ordering the suit to be dismissed as in case of non-suit and by adjudging costs against appellant, who excepted and appealed.

The record discloses no ground on which the motion was made or sustained. It is argued here that the action of the court was right, as the evidence disclosed a partnership between Allen Dawson the appellant, Gurley, the appellee, John J. Dawson and John M. Hensley, and that an action at law could not be supported by one of the partners against another partner before settlement of the partnership adventure.

The undertaking of the parties was not a partnership. Gurley on receiving four hundred and fifty dollars for the arrest of Blankenship, received one-fourth of it for the benefit of Allen Dawson, and was liable to him for it in this action.

Let the judgment be reversed with costs.