CHAFFIN *v*. LEE COUNTY NATIONAL BANK.

Opinion delivered December 12, 1921.

BILL OF EXCEPTIONS—APPROVAL OF JUDGE.—Sp. Acts 1921, p. 270, providing that the court stenographer of the First Judicial District should transcribe his stenographic report of proceedings, which, when certified by him "shall be used as a part of the bill of exceptions", did not dispense with the necessity of having the trial judge approve the bill of exceptions.

Appeal from Lee Circuit Court; *J. M. Jackson*, Judge; affirmed.

*Lee & Moore* and *Jonas F. Dyson*, for appellants.

*Daggett & Daggett*, for appellee.

This case should be affirmed for failure to file a bill of exceptions, as required by law. C. & M. Digest, § 1321; 40 Ark. 172; 131 Ark. 243; 98 Ark. 449; 46 Ark. 482; 64 Ark. 597; 37 Ark. 528; 35 Ark. 438.

SMITH, J. On February 5, 1921, the Lee County National Bank brought suit against appellants and F. O.

Love on a note of $6,000, executed by appellants to Love. Appellants filed a motion to dismiss the complaint on the ground that they had not been properly served with summons, and that the copy served upon them did not bear teste and was not signed by the clerk. This motion was heard by the court and dismissed, and as appellants failed and refused to plead further a judgment was rendered against them by default, from which is this appeal.

The bill of exceptions made upon the hearing of the motion to dismiss was not signed and approved by the trial judge. Attached to the bill of exceptions, however, is the certificate of the official stenographer of the First Judicial Circuit (of which Lee County, where the trial occurred, is a part), to the effect that "the foregoing bill of exceptions contains a true and correct transcript of my stenographic notes taken on the motion of defendants to dismiss service of summons; that no testimony on the merits of the issue was had."

The insistence is that this certificate of the stenographer suffices, for the reason that act 163 of the Acts of 1921 (Special Acts 1921, p. 270) renders the approval of the presiding judge to the bill of exceptions unnecessary. The section of act 163 which is said to thus change the law is section 3 and reads as follows:

"Section 3. It shall be the duty of said stenographic reporter, upon request of either party to a case, to transcribe into typewritten manuscript from his stenographic report all matters of proceedings taken by him; *provided,* that the party requesting the same shall be required to pay said stenographic reporter ten (10) cents per one hundred words for the original ribbon copy thereof and five (5) cents per one hundred words for each carbon copy of said proceedings, which said transcript, when certified by him as true and correct, shall be used as a part of the bill of exceptions and as a part of the transcript in the Supreme Court on appeal without the necessity of another copy thereof;

*provided, further,* that in felony cases this requirement shall not be made of a pauper, after due proof of such pauperism.''

We think the section quoted has no such purpose as appellants ascribed to it. The purpose of the act was to permit and require the official stenographer, in transcribing his notes, to make a ''ribbon copy thereof,'' so that it would not be necessary for the clerk of the court in which the trial occurred, in making up the transcript, to make a copy of the bill of exceptions as prepared by the stenographer, but to permit the use of the copy made by the stenographer in the transcript. In other words, the necessity of copying the bill of exceptions by the clerk was to be dispensed with.

The act was intended only to save labor and not to deprive the presiding judge of the right and duty to approve the bill of exceptions.

There being no bill of exceptions in the case, the presumption is conclusive that the testimony heard by the court supported his finding on the question of fact.

Judgment affirmed.