BURGETT *v*. ALLEN.

Decided June 6, 1891.

1. *Misjoinder of causes—Election.*

Where a complaint seeks to unite with a cause of action against a defendant causes against other defendants with which he has no possible legal connection, the court, on his motion, should compel plaintiff to elect which cause or causes she will prosecute; and if she refuses to make a definite and certain election, the complaint as to such defendant should be dismissed.

2. *Misjoinder—Dismissal of action.*

    The court on its own motion may, in the interest of orderly procedure and
    to prevent the confusion of issues, dismiss without prejudice a complaint
    which improperly joins several causes of action against different defend-
    ants.

APPEAL from *Crittenden* Circuit Court in chancery.
J. E. Riddick, Judge.

Isaac W. Burgett died intestate in 1872, possessed of a
large estate, consisting of over 7000 acres of land, some of
which was cultivated, and personal property appraised at
over $2000. He left a widow and an infant child, the plain-
tiff Pearl Burgett. In 1873 his widow married Jesse Grider,
who was thereafter appointed administrator of the estate
and guardian of plaintiff. Upon the death of Jesse Grider
and wife in 1877, W. H. Grider was appointed administrator
*de bonis non* of the Burgett estate, guardian of plaintiff and
administrator of the estate of his uncle, Jesse Grider. In
1884 he resigned as administrator *de bonis non* of the Bur-
gett estate, and J. T. Barton was appointed in his stead.

Upon attaining her majority plaintiff brought this suit,
alleging in substance that Jesse and W. H. Grider had appro-
priated to their own uses rents and personal property belong-
ing to the Burgett estate ; that Jesse Grider died without
ever having made any settlement, either as guardian or as
administrator ; that W. H. Grider had neglected to make
any settlement for Jesse Grider, and that he was largely in-
debted in his own behalf to the Burgett estate and to her-
self ; that, since his appointment as administrator of the
Burgett estate, Barton had made no effort to collect claims
due the estate; that a large quantity of the lands of the
estate had been permitted to forfeit for taxes ; that some of
the lands had been fraudulently sold by W. H. Grider to
E. M. Apperson & Co.

The complaint sought to unite as parties defendant the
principals and sureties in seven different guardian's and ad-
ministrator's bonds, as follows :

S C—36

(1) Mrs. E. Wilson, as surety on the bond of Jesse Grider, as administrator of the estate of Isaac W. Burgett. (2) J. M. Harkleroad, as surety on the bond of Jesse Grider, as guardian of the plaintiff. (3) Wm. W. Vance, Jr., as surety on a second bond executed by Jesse Grider, as guardian of plaintiff. (4) Thos. H. Allen, Thos. H. Allen, Jr., Richard H. Allen, Harry Allen, O. P. Lyles, as sureties, and W. H. Grider, as principal, on the bond of said Grider, as administrator of the estate of Jesse Grider, deceased. (5) The same parties as principal and sureties on the bond of W. H. Grider as guardian of plaintiff. (6) Same parties as principal and surety on the bond of W. H. Grider, as administrator *de bonis non* of the estate of Isaac W. Burgett, deceased. (7) E. M. Apperson and J. H. Murry as sureties and J. T. Barton as principal, on the bond of said Barton, as administrator *de bonis non* of the estate of Isaac W. Burgett, deceased.

Besides the above parties, there are included in the action as defendants E. F. Adams and J. M. Greer, who, together with O. P. Lyles, are alleged to have received illegal and unauthorized payments from the several administrators of fees as attorneys of the several estates, which it is sought to recover; and C. F. Berlin and eleven others, who are charged with having separately and severally acquired, through tax sales and otherwise, various tracts of land, which are described and alleged to have belonged to Isaac W. Burgett, deceased. The complaint alleged "that the several matters stated all involve *the estate* and its proceeds, and are so interdependent, complicated and uncertain that she is advised equity alone can furnish adequate relief, and a multiplicity of suits be avoided."

Plaintiff prayed that all the parties named be made defendants and be brought in by summons or warning order, and, if need be, by attachment, and required to answer; that all proper references be ordered and accounts taken, and the amounts due by the several parties named be ascertained, and for decree against them as their liabilities might appear,

and for all relief, general or special, to which she might appear entitled.

All of the defendants were brought in by personal service or warning order. The Allens demurred to the complaint (1) for misjoinder of parties defendant, (2) for misjoinder of causes of action, and (3) for multifariousness in joining both improper parties and causes.

The decree of the court recites as follows: "The demurrer of said defendants (the Allens) to the complaint having been argued and submitted, and the court treating the demurrer as a motion to strike for misjoinder of parties and causes of action, and being of opinion that there is a misjoinder of causes of action, as well as parties defendant, in that the plaintiff hath united the action against the defendants, W. H. Grider as principal, T. H. Allen, W. Harris and O. P. Lyles, as sureties on the bond of said Grider, as administrator of the estate of Isaac W. Burgett, deceased, and as guardian of plaintiff, with the other causes of action set out in the complaint (the said defendants waiving the misjoinder of action on the aforesaid bonds as administrator and guardian); it is ordered, adjudged and decreed that said motion to strike for misjoinder be sustained, and that plaintiff be permitted to elect which of said causes of action and the defendants thereto she will pursue in this action. * * * The plaintiff, by counsel, then presented her election, which is embodied as part of the decree, earnestly excepting to the court's order requiring an election, but in obedience to it, and not of choice, she elects to prosecute the suit against all who joined in the demurrer, and if allowed to retain any other, she designates W. H. Grider. She protests, by advice of counsel, that she may of right retain all the defendants named, and that the right of exception is personal to them respectively, and as none others have excepted, she refers to the court to determine who shall be dismissed.

"The court thereupon finds that the parties named are parties to the several causes which are improperly joined, and be-

ing unable to determine what causes the plaintiff elects to follow, it is ordered that she make it more definite and certain by stating specifically what causes of action she elects to follow, which her counsel declines to do, and thereupon the court decrees that the suit be dismissed, to which she excepts and prays an appeal, which is granted."

*W. G. Weatherford* for appellant.

1. It is clear that plaintiff has *a present right* of recovery. 36 Ark., 402 ; 20 *id.*, 536; Story, Eq. Jur., secs. 187–8 ; 33 Ark., 730 ; 40 *id.*, 393 ; 48 Ark., 544 ; 50 *id.*, 224 ; 25 *id.*, 108 ; 50 *id.*, 102 ; 51 *id.*, 75. Was there then a misjoinder of parties or subject-matter ?

2. The complaint is not open to the charge of multifariousness, nor is there a misjoinder that can be taken advantage of by demurrer. See 11 Ark., 726 ; 20 *id.*, 32 ; 48 *id.*, 435 ; 49 *id.*, 315 ; 31 *id.*, 616 ; 33 *id.*, 576 ; 2 How., 619 ; 5 Lea (Tenn.), 444 ; 4 *id.*, 472 ; Mansf. Dig., sec. 4940 ; 32 Ark., 495 ; 34 *id.*, 598. Under the rule in 11 Ark., 726, the most the court could have required would have been *to dismiss the complaint as to the demurrants*, and to leave it to stand as to the others.

*George H. Sanders* and *J. M. Moore* for appellees.

This action was based on *seven* different guardian's and administrator's bonds ; besides this, attorneys and tax purchasers are made defendants, charged with receiving illegal fees and purchasing lands at tax and other sales. The complaint was certainly open to the charge of multifariousness and misjoinder. 49 Ark. 312 ; 48 *id.*, 426 ; 25 *id.*, 108 ; 50 Ark., 106 ; 52 *id.*, 501. An administrator *de bonis non* can not sue his predecessor on his bond for waste, conversion or mismanagement. 34 Ark., 150 ; 36 *id.*, 316. No final settlement or order for distribution is alleged, and until this is done, no suit lies on the bond of an administrator or guardian. 14 Ark., 170 ; 24 *id.*, 550 ; 21 *id.*, 450 ; *ib.*, 408 ; 25 *id.*, 108. See also 48 Ark., 547 ; 34 *id.*, 71.

PER CURIAM. The complaint undertook to join with suits against the appellees causes of action against other defendants which had no possible legal connection with them. There was no error therefore in requiring the plaintiff to elect which of her causes she would prosecute. It was her duty to the court to file a plain and definite statement of what cause or causes she elected to prosecute. She did not do that, but filed a contradictory and ambiguous statement of what she elected to do; and when the court required her to make her election definite and certain, she refused to do so. It could not have been error therefore to dismiss the complaint as to the Allens.

But, after doing that, causes of action would have remained which had no legal connection. Though the court had authority to proceed to try them in the absence of objection by some defendant, it had a discretion also, in the interest of orderly proceeding and to prevent the confusion of issues, to compel the plaintiff to elect to prosecute only such causes as might properly be joined, and, if the plaintiff refused to make such election, to dismiss the complaint. It was not an abuse of discretion to do so in this case.

The order of dismissal was without prejudice to any cause of action attempted to be stated in the complaint, and leaves the plaintiff free to prosecute any of them she desires by a new action.

It must therefore be affirmed.

1. Misjoinder of causes—Election.

2. Dismissal of action.