## CLAXTON *v.* KAY.

### Opinion delivered January 1, 1912.

1. PLEADING—SUFFICIENCY OF COMPLAINT ON DEMURRER.—In determining whether error was committed in sustaining a general demurrer to a complaint, it is the rule that if the facts stated, with every inference reasonably deducible therefrom, constitute a cause of action, the demurrer should be overruled. (Page 352.)

2. REWARD—RIGHT TO RECOVER.—The person rightfully entitled to a reward offered by the county may by action recover the same from one to whom it has been wrongfully or erroneously paid. (Page 353.)

3. MONEY RECEIVED—RIGHT TO RECOVER FOR MONEY HAD AND RECEIVED. —Where the county court offered a reward for the arrest and conviction of certain murderers, and subsequently paid such reward to defendant upon their claim thereto, a third person who was not a party to the proceeding in the county court may sue defendants, alleging that he was entitled to receive such reward, and that defendants held same for his benefit. (Page 353.)

Appeal from Fulton Circuit Court; *John W. Meeks,* Judge; reversed.

*J. M. Burrow,* for appellant.

This being a general demurrer, it should have been overruled if the complaint as a whole states facts sufficient to entitle appellant to some kind of relief.

*Terry, Downie & Streepey,* for appellees.

Appellees presented their claim to the county court, which heard and allowed it. The decision of the county court as to who was entitled to the reward is conclusive of this controversy. Art 7, sec. 28, Const.; Kirby's Digest, § 1375; *Id.* § 1487; 55 Ark. 275.

FRAUENTHAL, J. This was a suit brought by B. F. Claxton, the plaintiff below, to recover a reward to which he claimed he was entitled, and which had been paid to the defendants. In the complaint it was in substance alleged that in 1909 one John Whitson was assassinated in Fulton County, and there was a great desire upon the part of the people of the county to bring to justice the perpetrators of the crime, who were at that time unknown. The county court of said county thereupon appropriated and set apart the sum of $500 as a reward, to be paid for the arrest and conviction of the murderers. It was further alleged that the plaintiff then went to work to ferret out the perpetrators of the crime, and finally discovered witnesses and evidence which led to the apprehension and conviction of Roy and Anderson Turner as the murderers; and in effect it was alleged that the plaintiff had fully complied with the terms and conditions of said offer of reward, and was entitled to same.

It was further alleged that the defendants were employed to and did prosecute said murderers of Whitson, and did use the witnesses and evidence obtained and furnished by the plaintiff in said prosecution, which resulted in their conviction of said crime; that the defendants thereupon wrongfully and without right applied to the county court of said county for said reward, and received payment thereof; and in effect it was alleged that the defendants had without right received the reward to which plaintiff was rightfully entitled. By this action the plaintiff sought to recover judgment against the

defendants for the amount of said reward, which they had received.

.A demurrer was interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained; and, the plaintiff refusing to plead further, the cause was dismissed.

In passing upon a question as to whether or not error was committed in sustaining a general demurrer to the complaint, it is the rule that if the facts stated, with every inference reasonably deducible therefrom, constitute a cause of action, then the demurrer should be overruled. *Cox* v. *Smith*, 93 Ark. 371.

Viewed in this way, the complaint in effect alleged that a reward was offered by a public agency for the arrest and conviction of the perpetrators of a public crime. Moved by this cause, the plaintiff performed the service in seeking for evidence and witnesses who had knowledge of facts that would lead to the discovery of the criminals and their conviction, and he had fully complied with the terms and conditions of the offer, and thereby had become entitled to the reward. The Fulton County Court interposed no objection to paying this reward to the person entitled thereto under the terms and conditions of the offer which it had made, but intended to pay it only to the person actually entitled thereto. At the time of paying the reward to defendants, it did so because it thought from their representations that they were entitled to receive it under the terms of the offer. But, from the allegations made in the complaint, it would appear that the defendants were not entitled to the reward, but as a matter of fact and of right the plaintiff alone was entitled thereto.

The county court of Fulton County was in effect holding the amount of the reward for the person who, under the terms of the offer, was entitled to it. It raised no objections as to its legal liability to pay to such person the reward, and in all probability, if it had known that there were other claimants than the defendants for the reward, it would have required the rival claimants first to establish their rights thereto before making payment to either. Although this was not done, the plaintiff can still assert his right in an action against the defendants, if he was in fact entitled to the reward, and the defendants received it without right.

It is urged that the order of the county court allowing said reward to defendants was in effect a judgment concluding the rights of all persons; but the plaintiff was not a party to that proceeding, and his rights can not be affected by any action there taken.

It has been held by some courts that an action will not lie for the recovery of a reward by the person entitled thereto against the person to whom it has been paid wrongfully, through fraud or mistake. This ruling has been made upon the ground that no privity is shown to exist between the parties in relation to the money sought to be recovered. *Sergeant* v. *Stryker*, 16 N. J. L. 464. But other courts have held that the person rightfully entitled to a reward may by action recover the same from one to whom it has been wrongfully or erroneously paid. *Stephens* v. *Brooks*, 2 Bush 137; *Williams* v. *Thweatt*, 12 Rich. L. (S. C.) 478. See also *Dawson* v. *Gurley*, 22 Ark. 381.

This, we think, is the better and proper rule, and we are of the opinion that this is especially true where the reward is offered by a public agency; for in such case the fund is in effect held for the person entitled thereto; and if one without right receives it, he will be liable to an action as for money had and received for the use of him who is actually entitled thereto.

Considering the facts alleged in the complaint, together with every reasonable inference to be drawn therefrom, we are of the opinion that it states a cause of action, and that the demurrer thereto should have been overruled. The judgment is accordingly reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings.