ADAMS *v.* McKAY & BINNS INVESTMENT COMPANY.

Opinion delivered November 13, 1922.

1. PLEADING—CONSTRUCTION OF COMPLAINT ON DEMURRER.—In an action for failure to satisfy of record a mortgage transferred to defendants, where the sufficiency of the complaint is tested on demurrer, inferences deducible from the allegations by fair intendment are to be drawn; and where it was alleged that the mortgage was transferred to defendants in due course and for a valuable consideration, it will be presumed that defendants acquired it by appropriate assignments.

2. MORTGAGES—DUTY TO SATISFY MORTGAGE.—The duty imposed by Crawford & Moses' Dig., § 7395, upon the assignee of a mortgage to satisfy it when paid, is not affected by the fact that his assignment is not of record.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

*T. D. Wynne,* for appellant.

The complaint stated a cause of action under Crawford & Moses' Digest, §§ 7395 and 7396. 237 S. W. (Ark.) 448; 48 N. W. (Neb.) 906.

*J. W. Warren,* for appellee.

The facts alleged do not constitute a cause of action, (1) because there is no allegation that appellees are owners of record, or agents of the owners of record of the mortgage or notes in question; (2) the complaint by its terms negatives the fact that appellees are assignees within the meaning of the statutes relating to satisfaction of mortgages. See Acts 1917, vol. 2, p. 1805, §§ 1 and 2.

Appellees are not assignees. 31 Ark. 643; 59 Kan. 380; 22 Fed. Cas. 1091.

SMITH, J. Appellants, plaintiffs below, instituted this suit against appellees, defendants below, a copartnership, and alleged the following facts as constituting their cause of action: On July 15, 1915, plaintiffs executed a mortgage to J. Bibbs Jacobs, conveying a certain lot in the city of Fordyce to secure the payment of $2,042.64, as evidenced by seven promissory notes, each for the sum recited in the mortgage. Said notes and the mortgage securing the same were, in due course, transferred, for a valuable consideration, to defendants on the 10th day of September, 1917, by a trustee in bankruptcy of the United States District Court at Nashville, Tennessee. That said defendants became the purchasers, owners and holders of said notes and mortgage. That on the 25th day of July, 1918, plaintiffs paid to the defendants the balance due on said notes, with all accrued interest, and the defendants received satisfaction in full of said mortgage and said obligation. That after the payment and satisfaction of said notes plaintiffs demanded that said mortgage be satisfied on the record where it was recorded, but defendants, after receiving said satisfaction of said mortgage indebtedness, did not, within sixty days after being requested, acknowledge satisfaction as aforesaid, as provided in section 7395, C. & M. Digest. That repeated demands and requests have been made by the plaintiffs for the satisfaction of said mortgage as requested, but without avail, and said mortgage now remains on the mortgage records of Dallas County unsatisfied, to plaintiffs' damage, wherefore they pray judgment.

A demurrer to this complaint was filed, and sustained, and this appeal is from that judgment.

It is insisted that the demurrer was properly sustained because it does not appear how the interest of Jacobs was acquired by the bankrupt. But that contention may be disposed of by saying that the sufficiency of the complaint is being tested on demurrer, in which case

all inferences deducible from the allegations of the complaint by fair intendment are to be drawn in testing its sufficiency; and the complaint here alleges defendants became the purchasers, owners and holders of said notes and mortgage, and it will therefore be presumed that defendants acquired the notes and mortgage by appropriate assignments.

It is also insisted that the demurrer was properly sustained for the reason that there is no allegation that defendants are the owners of record of the mortgage and notes, and that the complaint, by its terms, negatives the fact that appellees are assignees within the meaning of the statute relating to the satisfaction of mortgages.

The statute on this subject reads as follows: "If any mortgagee, his executor, administrator or assignee, shall receive full satisfaction for the amount due on any mortgage, he shall, at the request of the person making satisfaction, acknowledge satisfaction thereof on the margin of the record in which such mortgage is recorded." Sec. 7395, C. & M. Digest.

We construed this statute in the recent case of *Johns* v. *Rollison,* 152 Ark. 52, where it was said: "It will be observed, in reading sections 7395 and 7396 of Crawford & Moses' Digest, that the duty is imposed upon *any* mortgagee, his executor, administrator or assignee, who shall receive full satisfaction for the amount due on any mortgage, to satisfy same of record if requested to do so by *the person* making satisfaction. In other words, our statute penalizes the ones receiving satisfaction for not satisfying the record upon the request of those making satisfaction. The statute, of course, means interested parties, not volunteers. The interpretation placed by us upon this statute is the result of a strict construction when the natural meaning is given to each word and paragraph contained in the statute."

This construction of the statute imposes upon *any* mortgagee, his executor, administrator, or assignee, who receives the satisfaction, the duty of satisfying the record

when requested so to do by the person making satisfaction.

It is true, as insisted by defendants, that the complaint does not allege that defendants are the owners of record of the mortgage and notes. But this is no defense. In acquiring the debt and the security therefor, defendants assumed the duty of also acquiring the means of satisfying the lien of the mortgage. If the allegations of the complaint are true—and they must be so considered on demurrer—defendants are the only persons who have the right to satisfy the mortgage, and in acquiring the debt which it secures they took it with the duty imposed of releasing and satisfying the lien when the debt was paid.

We think defendants are assignees within the meaning of the statute. The word assignee as here used means any person who, by appropriate transfer or assignment, has acquired the title to the mortgage and the debt it secures. As an incident to the acquisition of the right to demand and enforce payment of the debt secured, the law imposes the duty to satisfy the mortgage when the debt it secures is paid. *Daniels* v. *Densmore,* 48 N. W. 906; 2nd Jones on Mortgages (7th Ed.) sec. 990.

Defendants insist that the complaint is defective because, under its allegations, they do not have the authority which act 374 of the Acts of 1917 (Acts 1917, vol. 2, p. 1805) requires before one is authorized to enter satisfaction of the lien of a mortgage, in that their ownership of the mortgage is not a matter of record. But it follows, from what we have said, that this, if true, is no defense. If defendants have not placed themselves in position to comply with this act, it is their duty to do so, and, upon receiving payment of the debt secured by the mortgage, to satisfy it.

When considered on demurrer the complaint states a cause of action, and the judgment of the court dismissing it must therefore be reversed, and it is so ordered.