MARTIN v. STRATTON.

Opinion delivered March 12, 1923.

1. LANDLORD AND TENANT—RECOVERY OF LAND—SUFFICIENCY OF COMPLAINT.—Under Crawford & Moses' Dig., § 4838, providing that a failure to pay rent when due after three days' written notice to quit, shall constitute an unlawful detainer, justifying an action for possession of the premises, a complaint alleging a failure of the tenant to pay rent as agreed was not demurrable.

2. PLEADING—MISJOINDER OF CAUSES.—A complaint to recover possession of leased premises and for damages for wounding plaintiff was not demurrable because joining an action for unlawful detainer with one sounding in tort, since the error could have been met by a motion to strike the action improperly joined or to require appellant to elect between the two causes of action.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*J. N. Rachels,* for appellant.

Three causes of action stated. Requisites of complaint, §§ 1187 third division, and § 1188, Crawford & Moses' Digest. 130 Ark. 499. Objections should have been raised by motion to make more definite instead of demurrer. 49 Ark. 277; 52 Ark. 378; 94 Ark. 370.

No appearance for appellee.

HUMPHREYS, J. Growing out of an alleged breach of contract between appellant, as landlord, and appellee, J. D. Stratton, as tenant, and an alleged unlawful attack upon appellant by appellee, appellant brought suit against appellee, in the White County Circuit Court, to recover possession of the land rented to him, damages for breach thereof, and rents, and for damages to his person inflicted by a gunshot fired by appellee. It was alleged, in substance, in the complaint: first, that appellant rented 160 acres of land in said county to said appellee, under written contract, for three years, beginning January 1, 1919, and ending December 31, 1922; that the contract

provided for J. A. Stratton to set out and cultivate eight acres in strawberries and ten acres in cotton; that he should pay appellant one-half the net proceeds of the berry crop in 1920 and 1921, in part payment of rent, and, in further payment thereof, to deliver appellant one-half of the lint cotton and seed, after paying for ginning same; that appellee failed to plant any cotton, to appellant's damage in the sum of $200, and failed to divide the net proceeds of the berry crop in 1920, to his damage in the sum of $250; second, that appellee came upon appellant's premises and unlawfully, maliciously, and feloniously shot him, to his injury in the sum of $10,000.

It was further alleged that said appellee's codefendant was brought upon the rented land to unlawfully assist him in holding the possession thereof, and was a trespasser.

Appellees filed a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against them.

The court sustained the demurrer, and dismissed appellant's complaint, over his objection and exception, from which is this appeal.

The only question presented by the appeal for determination is whether the complaint states a cause of action. It is provided by statute in this State that a failure to pay rent when due, after three days' written notice to quit, shall constitute an unlawful detainer, justifying an action by the landowner against the tenant for the possession of the premises. Sec. 4838, Crawford & Moses' Digest. This is true, regardless of whether the rental contract or lease makes a failure to pay rent a ground of forfeiture. *Parker* v. *Geary*, 57 Ark. 301. The facts alleged in the complaint meet all the statutory requirements of an action for unlawful detainer. The court erred therefore in sustaining the demurrer.

An attempt was made to join an action sounding in tort with an action for unlawful detainer, but this was

not ground for demurrer. This error should have been met by a motion to strike the action improperly joined, or to require appellant to elect as between the actions pleaded. *Jett* v. *Theo Maxfield Co.,* 80 Ark. 167.

For the error indicated the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer to the complaint.