MORTENSEN *v.* BALLARD.

4-7708

188 S. W. 2d 749

Opinion delivered July 9, 1945.

2

*Hays & Wait,* for appellant.
*Caudle & White,* for appellee.

ROBINS, J. The question for determination is the sufficiency of the following complaint filed by appellant in the lower court:

"Comes the plaintiff, M. Mortensen, and suing the above named defendants, for his cause of action alleges:

"That plaintiff is a resident of Pope county, Arkansas.

"That the defendant Evelyn Pearson Ballard is a resident of Pope county, Arkansas.

"That the defendant Pearson Hotel Company is a corporation duly organized and existing under the laws of Arkansas, with its principal office and place of business in Russellville, Pope county, Arkansas.

"That prior to the 3rd day of March, 1924, the plaintiff, M. Mortensen, was the sole owner of the hotel furniture and equipment in and of a lease on The Majestic Hotel located in Mexia, Texas; that on said date plaintiff entered into a written agreement with the defendant Evelyn Pearson Ballard, then Evelyn H. Pearson, by the terms of which agreement she became manager of said hotel and an equal partner with plaintiff in all the net proceeds derived from the operation of said hotel; that it was further provided in said written agreement that upon a sale of the fixtures in said hotel during the term of the lease then existing or any renewal thereof the said Evelyn Pearson Ballard was to have one-half of the net proceeds arising from the sale of said fixtures; that from and after the execution of said agreement the plaintiff, M. Mortensen, and the defendant, Evelyn Pearson Ballard, became and were equal partners in the operations of said hotel and in the proceeds arising therefrom; that a copy of said contract and agreement is hereto attached, marked Exhibit 'A' and made a part of this complaint;

"That while plaintiff and the defendant Evelyn Pearson Ballard were so operating said hotel in Mexia, Texas, they agreed and decided to establish a hotel in Russellville, Arkansas, to be operated under the same terms and arrangements as the one at Mexia, Texas, each

to be equal partners in said new hotel; that pursuant to such decision they came to Russellville, Arkansas, and selected a site for the erection of the new hotel, and entered into a contract with the Trustees of the Elks Lodge at Russellville, Arkansas, the then owners, for the purchase of said site at and for the sum of Four Thousand Five Hundred ($4,500) Dollars, same to be paid as follows: Five Hundred ($500) Dollars Cash and Four Thousand ($4,000) Dollars to be paid later; that the $500 down payment and the $4,000 balance were both paid by plaintiff and Evelyn Pearson Ballard out of the earnings of the hotel at Mexia, Texas; that a copy of the contract of sale from the Trustees of Elks Lodge of Russellville, Arkansas, to M. Mortensen and Evelyn Pearson Ballard, then Evelyn H. Pearson, is hereto attached, marked Exhibit 'B' and made a part of this complaint;

"That by the terms of said contract and purchase the plaintiff and the defendant Evelyn Pearson Ballard became the joint and equal owners of the following property situated in Russellville, Pope county, Arkansas, to-wit: lots one (1), two (2) and three (3) in block ten (10), Mary A. Russell's Addition to the city of Russellville, Arkansas.

"That title to the above described lots was issued in the name of Evelyn H. Pearson, but that it was agreed and understood that she held title thereto in trust for herself and plaintiff as equal partners in said venture, and that title to said property should be decreed to be held by her for said purpose;

"That after the procurement of the site for the said new hotel at Russellville, Arkansas, plaintiff, who is an experienced contractor and builder and had wide experience in the planning and construction of such buildings proceeded to Russellville and without delay proceeded with the business of building and equipping said new hotel; that he obtained the drafting of plans and specifications therefor which met the approval of himself and defendant, contacted all necessary materialmen, contractors and draftsmen necessary to the planning and erection of said hotel and continued to superintend their

operations until said new hotel was fully completed and equipped, leaving the management and control of the hotel at Mexia, Texas, in the control of the defendant, Evelyn Pearson Ballard; that he gave her full power of attorney to act for him in the sale and disposal of the personal property belonging to himself and the defendant, Evelyn Pearson Ballard at Mexia, Texas, and that acting under and by authority of such power of attorney, the said Evelyn Pearson Ballard sold and disposed of their joint property in the hotel at Mexia, Texas, for the sum of Four Thousand ($4,000) Dollars, and that sum, together with certain items of personal property reserved from said sale, was invested and installed in the hotel at Russellville, Arkansas; that a copy of the contract of sale of the personal property at Mexia, Texas, is hereto attached, marked Exhibit 'C' and made a part of this complaint;

"That it was agreed and understood by and between plaintiff and the defendant, Evelyn Pearson Ballard, that upon the completion of said new hotel at Russellville, Arkansas, she was to be installed as manager thereof under the same terms and understanding governing the management of the hotel at Mexia, Texas, and was to reside in said hotel, and that the plaintiff, M. Mortensen was to be installed as assistant manager thereof and was to reside therein and receive room and board therein;

"That for several years after the completion of said hotel, plaintiff and the defendant Evelyn Pearson Ballard continued to operate same as a partnership in which each was an equal partner therein; that they made the regular partnership returns required to be made to the U. S. Internal Revenue Department, such returns showing them to be equal partners in the operation of said hotel; such returns sometimes being made by plaintiff, and sometimes by the defendant, Evelyn Pearson Ballard; that copies of such partnership returns for the years 1926 and 1927 are hereto attached, marked Exhibits 'D' and 'E' respectively and made a part of this complaint;

"That while the construction and equipment of the new Pearson Hotel at Russellville was financed in part by issuance of stock to local purchasers of such stock, it was financed in most part by loans and renewals thereof secured by liens upon the property and equipment of said company; that all of said loans are of record in the office of the Recorder of Pope county, Arkansas;

"That for the purpose of refinancing the debts incurred in the erection and equipping of said Hotel Pearson it was deemed advisable to incorporate same under the name of the Pearson Hotel Company, and on the 21st day of June, 1927, articles of incorporation were issued to Pearson Hotel Company of Russellville, Arkansas; that it was provided that capital stock in the amount of 3,000 shares of such stock with no par value, and common stock in the amount of 1,000 shares with no par value, and preferred stock in the amount of 2,000 shares with a par value of $25 per share might be issued;

"That for the purpose of the completion and organization of said corporation, shares of common stock were issued to the amount of 100 shares, 90 shares of which were issued to Evelyn Pearson Ballard, then Evelyn H. Pearson; 2 shares to M. Mortensen; 2 shares to R. L. Smith; 2 shares to J. B. Ward; 2 shares to F. W. Pearson and 2 shares to W. H. Holmes; that nothing was paid for said shares of common stock, and that although the defendant, Evelyn Pearson Ballard, then Evelyn H. Pearson, received 90 shares of such stock while the plaintiff received only 2 shares, it was understood and agreed that the original partnership of one-half to each was to continue between the said M. Mortensen and the said Evelyn Pearson Ballard, and that she held such shares of surplus common stock in trust for said M. Mortensen and herself jointly as equal partners therein; that it was provided that said corporation be under the control of a Board of Directors of five members, three to be selected by the stockholders and two to be elected by the members; that the Board of Directors were elected and met and organized by electing the plaintiff, M. Mortensen,

president, and the defendant, Evelyn Pearson Ballard, then Evelyn H. Pearson, its secretary and treasurer;

"That it was later determined that a coffee shop should be equipped and operated in conjunction with the Pearson Hotel, and that on January 2, 1929, to carry out this plan, the plaintiff, M. Mortensen, and the defendant Evelyn Pearson Ballard borrowed the sum of Two Thousand ($2,000) Dollars for that purpose and executed their joint note for said sum secured by a chattel mortgage on the furnishings and equipment of said coffee shop; that said mortgage appears of record in Mortgage Record Book 'MM' at page 283 of the records of Pope county, Arkansas; that all of the equipment of said coffee shop was paid for by the earnings of the Pearson Hotel and belong to plaintiff and the defendant Evelyn Pearson Ballard jointly in equal parts; and to other common stock owners in proportion to stock held by them;

"That preferred stock in said Pearson Hotel Company was issued to various parties and in various amounts; that the names of owners and of such stock issued to them is hereto attached, marked Exhibit 'F' and made a part of this complaint; that nearly all of said shares of preferred stock has been purchased from the original holders and acquired by or for the Pearson Hotel Company, and that said shares of stock was purchased from the proceeds of the earnings of said company; that the only shares of preferred stock now outstanding are as follows: Robberson Steel Company, Oklahoma City, Okla., 18 shares; Jack Walker, Russellville, Arkansas, 26 4/5 shares; O. S. Nelson, Russellville, Arkansas, 20 shares;

"That since all of said preferred stock was paid for out of the earnings of the Pearson Hotel, such stock belongs to the holders of the common stock of Pearson Hotel Company in proportion in which the shares of common stock issued to its various owners bear to the total amount of such shares issued, except, that as to the 92 shares of such common stock issued to the plaintiff M. Mortensen and to the defendant, Evelyn Pearson Ballard, then Evelyn H. Pearson, such stock should be held

8

to belong to them in equal parts, each owning one-half of such total;

"That on the 12th day of August, 1929, by proper action of a majority of the Board of Directors of Pearson Hotel Company, the plaintiff, M. Mortensen, was again elected president, and the defendant, Evelyn Pearson Ballard, was again elected secretary-treasurer of the corporation; that the said Evelyn Pearson Ballard was re-elected manager, and the plaintiff, M. Mortensen, was again re-elected assistant manager of the Pearson Hotel, and it was voted that each be allowed a permanent salary of Two Hundred Fifty ($250) Dollars per month as such manager and assistant manager; that a copy of said minutes of such meeting showing the re-election of said manager and assistant manager and the voting of said salary to each is hereto attached, marked Exhibit 'G' and made a part of this complaint;

"That plaintiff, M. Mortensen, remained as president of said Pearson Hotel Company until 1939, when he resigned as such president, but that he continued to serve as assistant manager of Pearson Hotel;

"That from the time of its construction, Pearson Hotel has been a successful venture, and its assets have at all times far exceeded its liabilities; that trial balances taken from the books of said company from time to time show that it has constantly reduced its liabilities and increased its assets;

"That from the time of the voting of salaries to the manager and assistant manager of said Pearson Hotel, the amounts due said manager and assistant manager have at all times been carried on the books of said company;

"That in the resolution of August 12, 1929, voting such salaries to the manager and assistant manager it was provided that payment of same should be deferred and not be paid until the accrued interest then due on the first and second mortgage bonds or mortgages given by the company be paid; that only a small portion of the salary due this plaintiff as assistant manager has been

paid; that the books showing the account with this plaintiff as such assistant manager are kept by the defendant, Evelyn Pearson Ballard, and that plaintiff has been denied access to said books and cannot state the exact balance now due him on salary; that at the last trial balance taken from the books of said company on June 30, 1939, the balance due this plaintiff at that time was Twelve Thousand Four Hundred Twenty-eight and 19/100 ($12,428.19) Dollars; that copies of the various trial balances taken from the books of the company for the years 1928 through 1932, and the trial balance taken in June, 1939, showing the increase of the assets of said company over its liabilities, and showing the amounts due this plaintiff as assistant manager at the various times is hereto attached, marked Exhibit 'H' and made a part of this complaint;

"That the defendant, Evelyn Pearson Ballard, is seeking to repudiate the agreement of partnership between herself and this plaintiff; that she is denying plaintiff's ownership of one-half of the real estate belonging to Pearson Hotel Company; that she is denying plaintiff's right to participate in the shares of preferred stock purchased by the Pearson Hotel Company or by herself from the earnings of said company; that she is denying the indebtedness of Pearson Hotel Company to this plaintiff for back salary as assistant manager of said Pearson Hotel; that she is denying his right to room and board in said Pearson Hotel;

"That in pursuance of her plan to deny to plaintiff his rights in said hotel property and in the shares of preferred stock purchased out of the earnings of said Pearson Hotel, and of his right to share equally with her in the common stock issued to her more than the amount issued to him, and of his right to the back salary now due him, as assistant manager, and of his right to remain in said hotel and continue as assistant manager thereof and receive his room and board therefrom, said Evelyn Pearson Ballard has ordered this plaintiff to give up his room in said hotel and to remove himself and his per-

sonal belongings therefrom, and has threatened and is now threatening to expel him therefrom.

"That unless the defendant, Evelyn Pearson Ballard, is enjoined and restrained from so doing she will expel this plaintiff from said Pearson Hotel and attempt thereby to deprive him of all his rights to remain therein and to receive his just share of the profits arising from the operation of said hotel;

"That because of the unsatisfactory conditions that have arisen between plaintiff and defendant as partners in the management and control of said Pearson Hotel it is necessary that a receiver be appointed by this court to take charge of the partnership hotel property and operate the same pending the adjudication of this action.

"Wherefore, plaintiff prays that he be declared to be an equal partner with the defendant, Evelyn Pearson Ballard, in the ownership of the real estate belonging to the Pearson Hotel Company; that he be declared to be an equal partner with her in the ownership of all shares of preferred stock purchased out of the earnings of said Pearson Hotel; that he be declared to be an equal partner with her in the ownership of the 92 shares of common stock issued to him and to her; that he be declared to be an equal partner with her in the ownership of the furniture and equipment in said Pearson Hotel, including the Pearson Hotel Coffee Shop; that he be permitted to remain in said hotel and receive his room and board therefrom and to continue to serve as assistant manager thereof and to receive his salary therefor; that this court ascertain the amount due this plaintiff as back salary for serving as assistant manager of said Pearson Hotel, and that if the court finds it necessary to do so that he appoint a master in chancery to determine the amount now due plaintiff for such services; that plaintiff be given judgment against Pearson Hotel Company for such amount as the court finds due him, and that such judgment be declared a lien upon the assets of said Pearson Hotel subject only to the subsisting liens now held against such assets; that the defendant, Evelyn Pearson Ballard, be permanently enjoined and restrained

from interfering with the plaintiff's occupancy of his room in said Pearson Hotel and from receiving his board in said hotel; that a receiver be appointed by the court to take charge of and operate said hotel under the orders of this court during the pendency of this action, and for all other proper legal and equitable relief.''

To this complaint appellee, Pearson Hotel Company, filed a special demurrer and a motion to dismiss, and appellee, Evelyn Pearson Ballard, filed a special demurrer and both appellees filed general demurrers. The lower court found ''all issues of law in favor of the defendants, and that said demurrers and motion to dismiss should be sustained, and that said complaint should be dismissed for want of equity.'' The decree does not recite that appellant, after demurrers to his complaint had been sustained, refused to plead further. To reverse the lower court's decree this appeal is prosecuted.

The contentions of appellees, chiefly relied on to support the findings of the court below, may be thus summarized:

(I). That the complaint was insufficient to allege the creation of a trust in favor of the appellant.

(II). That the complaint showed on its face that appellant was not entitled to recover his claimed salary as assistant manager, because he was a director of the corporation and therefore was ineligible to be employed under contract with the board of directors.

(III). That appellant's cause of action was barred by staleness, laches and limitation.

(IV). That the complaint embraced more than one cause of action.

I.

The complaint does not set forth whether either the alleged agreement as to the purchase of the real estate, or the later agreement, asserted by appellant, as to the ownership of the stock in the hotel company, was in writing or was oral. Appellees did not seek by motion to require the complaint to be made more certain and specific

so as to have this uncertainty removed. If the agreement relied on was oral, it would be insufficient to establish an express trust as to the real estate, because, under our Statute of Frauds (§ 6064 of Pope's Digest), it is required that "all declarations or creations of trusts or confidences of any lands or tenements shall be manifested and proven by some writing . . ."

But it is expressly provided by § 6065 of Pope's Digest that "where any conveyance shall be made of any lands or tenements, by which a trust or confidence may arise or result by implication of law, such trust or confidence shall not be affected by anything contained in this act." The term "implied trusts" includes resulting and constructive trusts. They arise by implication of law and may be proved by parol. *Stacy* v. *Stacy,* 175 Ark. 763, 300 S. W. 437.

"The general rule is well settled that, in the absence of circumstances showing a different intention or understanding, property paid for with the money or assets of one person, title thereto being taken in the name of a stranger or person for whom he is under no legal or moral obligation to provide, is held by resulting trust, the trust arising by operation of law in favor of the person furnishing the consideration, . . . and the person thus obtaining title is a trustee for the person paying the consideration." 65 C. J. 382, 384. "Parol evidence is admissible to prove a resulting trust from payment or ownership of the purchase money for a conveyance to another. . . ." 65 C. J. 385. "In the absence of a statutory provision preventing the trust, the resulting trust presumptively arises where property is bought by one person with the money or assets of another . . ." 65 C. J. 386.

In sustaining a constructive trust in favor of a partner as to real estate purchased with partnership funds, title to which was taken in another, this court, in *Edlin* v. *Moser,* 176 Ark. 1107, 5 S. W. 2d 923, said: "Here, from the result of their joint efforts, there is a profit from partnership activities, both in money and land. . . . They both contributed jointly to the acquisition

of such property. . . . We think this suit primarily is to compel a division of profits realized from a partnership activity.''

In the early case of *Trapnall's Adx.* v. *Brown,* 19 Ark. 39, Chief Justice ENGLISH, speaking for the court, said: *"Resulting trusts,* or those which arise by implication of law, are specially excepted from the operation of the statute (§ 13). Trusts of this sort were said by Lord Hardwick, in *Lloyd* v. *Spillet,* 2 Atk. 148, to arise in three cases: *first,* where the estate is purchased in the name of one person, but the money paid for it is the property of another; *secondly,* where a conveyance is made in trust, declared only as to part, and the residue remains undisposed of, nothing being declared respecting it; and *thirdly,* in certain cases of fraud. 1 *Greenf. Ev. Sec.* 266; *Miller et al.* v. *Cotton et al.,* 5 *Geo. R.* 346; 4 *Kent Com.* 305. In all these cases, it seems now to be generally conceded that parol evidence, though received with great caution, is admissible to establish the collateral fact (not contradictory to the deed, unless in case of fraud) from which a trust may legally result. 1 *Greenlf. Ev.,* § 266; 1 *W. & T. Lead. Cases in Eq.,* by *Hare & W.* 187 to 206, top paging, and cases cited.''

In another early case, *Byers et al.* v. *Danley,* 27 Ark. 77, it was said by this court: ''Thus we believe it to be a well established principle, both in England and most of the United States, that if one man purchases an estate in lands and does not take the conveyance in his own name, but in trust of another, the trust of the legal estate results to him, who pays the purchase money. This trust results by the mere operation of law, though the person, in whose name the conveyance is taken, executes no declaration of trust, and may be proved by parol evidence.''

Chief Justice McCULLOCH, speaking for this court, 360, 185 S. W. 467, Ann. Cas. 1917C, 1142, said: ''It is contended in the first place that the court erred in allowing oral testimony tending to establish the fact that Powell held the title as trustee for appellee Routh. Counsel for appellants base their contention upon the well-established rule that an express trust can not be established by

parol testimony. They fail, however, to take into consideration the nature of a resulting trust, and the fact that such trust can be established by parol, as it results by operation of law and not from the contract of the parties. Appellee furnished the money for the purchase of the land and a trust resulted in his favor."

In determining the sufficiency of a complaint on demurrer, every reasonable intendment should be indulged in favor of the complaint, and, if the facts stated in the complaint, together with all reasonable inferences to be deduced therefrom, constitute a cause of action, the demurrer should be overruled. *Cazort & McGehee Company* v. *Dunbar,* 91 Ark. 400, 121 S. W. 270; *Cox* v. *Smith,* 93 Ark. 371, 125 S. W. 437, 137 Am. St. Rep. 89; *Dickerson* v. *Hamby,* 96 Ark. 163, 131 S. W. 674; *Claxton* v. *Kay,* 101 Ark. 350, 142 S. W. 517, Ann. Cas. 1913E, 972; *McLaughlin* v. *City of Hope,* 107 Ark. 442, 155 S. W. 910, 47 L. R. A., N. S., 137; *Kansas City Southern Railway Company* v. *Fort Smith Suburban Railway Company,* 180 Ark. 492, 22 S. W. 2d 21; *Arkansas Bond Company* v. *Harton,* 191 Ark. 665, 87 S. W. 2d 52; *Gus Blass Dry Goods Company* v. *Reinman,* 102 Ark. 287, 143 S. W. 1087; *Missouri Pacific Railroad Company* v. *Brewer,* 154 Ark. 96, 241 S. W. 864; *Adams* v. *McKay & Binns Inv. Co.,* 155 Ark. 556, 244 S. W. 708.

When the appellant's complaint is considered in the light of the rule stated above, we conclude that its allegations, with the reasonable inferences to be drawn therefrom, amounted to a charge that appellant furnished one-half of the purchase money of the lot on which the hotel was constructed under an agreement that he was to own an undivided half interest therein, that the cost of constructing and furnishing the building were paid from earnings of which he was entitled to one-half, and that the change from individual to corporate ownership of the property did not substantially alter the respective interests of appellant and appellee, Mrs. Ballard, therein. Now, if these averments are true, an implied or resulting trust in favor of appellant for an undivided half interest in the property would be established. *Lisko* v. *Hicks,* 195 Ark. 705, 114 S. W. 2d 9.

The fact that appellant claimed an express trust resting in parol would not defeat the implied trust growing out of the same transaction. "It has been held that the fact that there has been an express trust declared by parol which is invalid because of the statutory inhibition will not prevent a trust from resulting by operation of law from the acts of the parties. So, if the circumstances are such as to give rise to a resulting trust, it is not affected by an express parol agreement between the parties to the same effect." 65 C. J. 368.

As far as the interest asserted by appellant in the stock in the hotel company, issued in the name of appellee, Mrs. Ballard, is concerned, appellant might prove a trust in his favor in this stock by parol. "The rule that trusts in personalty may be created or established by parol has been applied to money, bank deposits . . . shares of corporate stock, . . ." 65 C. J. 255.

Appellees' contention that the complaint showed on its face (because of the allegation that nothing was paid for any of the stock issued by the hotel company) that the stock certificates evidencing the shares in the hotel company which appellant asserts were owned jointly by him and appellee, Mrs. Ballard, were void would not, even if justified by the language of the complaint, put appellees in a more favorable situation. If the organization of the corporation should be held to be void because of the illegality of all of the stock therein, the result would be that the title to the property is still in appellee, Mrs. Ballard, who, according to the allegations of the complaint, is holding a one-half interest therein as trustee for appellant.

## II.

As to appellant's claim for salary alleged due him as assistant manager, appellees insist that the complaint shows that the agreement for this salary was void. We do not agree. The mere fact that appellant was a director and officer of the corporation would not prevent his employment, under proper circumstances, at a salary by the corporation. *Red Bud Realty Company* v. *South*, 96 Ark. 281, 131 S. W. 340; *Mt. Nebo Anthracite Coal*

*Company* v. *Martin,* 86 Ark. 608, 112 S. W. 882; *Corning Custom Gin Company* v. *Oliver,* 171 Ark. 175, 283 S. W. 977; *Clifford* v. *Walker,* 180 Ark. 592, 22 S. W. 2d 36. Nothing set forth in the complaint indicates that the alleged employment of appellant as assistant manager was irregular or not properly authorized or that he did not render valuable services to the corporation. If, in fact, appellant was not properly employed, or if he did not in fact render valuable services to the corporation under such employment, these facts would be matters of defense to be set up in an answer. Such a defense could not, under the allegations of the complaint, properly be raised by demurrer to the complaint.

### III.

The complaint does not show when appellee, Mrs. Ballard, first repudiated the trust agreement or denied appellant's interest in the property as asserted by him. While the complaint shows the date of the contract under which it appears that appellee, Mrs. Ballard, and appellant purchased the real estate, the complaint does not show when a conveyance of this lot was made to appellee, Mrs. Ballard. It may be fairly deduced from appellant's complaint that appellant and appellee, Mrs. Ballard, for some years successfully and agreeably operated the hotel property under the contract alleged by appellant, by which it was recognized that appellant was the owner of an undivided one-half interest in the property, and it does not appear from the complaint that by reason of the delay of appellant in bringing his suit any such change has occurred in the condition or relation of the parties in the property which would make it inequitable for appellant now to assert his rights thereto.

In the case of *Sanders* v. *Flenniken,* 180 Ark. 303, 21 S. W. 2d 847, this court said: ''Mere lapse of time before bringing suit, without change of circumstances or in the relation of the parties, will not constitute laches. Not only must there have been unnecessary delay, but it must appear that, by reason of the delay, some change has occurred in the condition or relation of the parties to the

property which would make it inequitable to enforce the claim. So long as the parties are in the same condition, a claim for land may be asserted within the time allowed by law.''

Nor can it be said that the complaint in this case shows on its face that appellant's cause of action is stale or barred by limitation. It is possible that, under the facts pertaining to the situation here involved, appellant's cause of action, if any he had, is barred by laches, staleness or limitation. But these facts do not appear from the complaint and are matters of defense which must be raised by answer rather than by demurrer.

It is also urged by appellee that the amount claimed to be due appellant for salary as assistant manager of the hotel is shown by the complaint to be barred. But, according to the complaint, this salary was not payable until certain debts owed by the company were paid. It is not shown definitely by the complaint when these debts were paid. Therefore it cannot be said that the complaint showed on its face that appellant's claim for salary was barred by the statute of limitation.

## IV.

If the complaint embraced more than one cause of action, objection on this ground should have been made by motion to strike or motion to require appellant to elect which of the causes of action he would pursue. A demurrer to an entire complaint should not be sustained if any good cause of action is stated therein. *Burgett* v. *Allen*, 54 Ark. 560, 16 S. W. 573; *Jett* v. *Theo. Maxfield Company*, 80 Ark. 167, 96 S. W. 143; *Drury* v. *Armour & Co.*, 140 Ark. 371, 216 S. W. 40; *Martin* v. *Stratton*, 157 Ark. 513, 248 S. W. 554.

However, as we construe the complaint, appellant was seeking in this action to establish ownership in the appellant of an interest in the assets of the hotel company, to obtain an accounting as to its affairs, and to recover for salary due appellant; and there is no valid reason why all these objects might not be accomplished by one suit in equity.

We conclude that the lower court erred in sustaining the demurrers to the complaint and the motion to dismiss same; and, for this error, the decree of the lower court is reversed, and this cause is remanded with directions to overrule said demurrers and motion to dismiss, and for further proceedings, in accordance with the principles of equity and not inconsistent with this opinion.