Johnson vs. The State of Arkansas.

---

JOHNSON VS. THE STATE OF ARKANSAS.

Criminal Procedure: Suspension of trial, etc.

During the trial of a felony the court, against the defendant's objection, suspended the trial and allowed the jury to separate for three days that the State might procure the attendance of a witness. Held, that it was not an abuse of the discretion of the court; under the provisions of the Criminal Code the court is authorized to permit the jury to separate either before or after the cause is submitted to them.

APPEAL from *Arkansas* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*E. L. Johnson*, for appellant.

*Attorney General, contra.*

HARRISON, J.:

The appellant, Henry Johnson, was convicted in the Arkansas Circuit Court, of the crime of bigamy, and sentenced to imprisonment in the penitentiary for three years.

After the State had examined several witnesses, the court, against the objection of the defendant, suspended the trial, and allowed the jury to separate, from Tuesday until Friday, that the State might procure the attendance of a witness.

The suspension of the proceedings in a trial, is within the sound discretion of the court, and we are not prepared to say, there was any abuse of its discretion in this case.

And though the rule formerly was different, the jury may now, by a provision in the Code of Criminal Procedure, be permitted by the court to separate, either before or after the case is submitted to them. Code of Crim. Proced., secs. 243, 246; Gantt's Digest secs. 1938, 1941.

As it is possible for great prejudice to result from such separations, the discretion of the court, in allowing it, should be, especially in trials for felony, exercised with the utmost caution : and for any apparent abuse of it, this court would not hesitate reverse the judgment.

The judgment is affirmed.