## ARMSTRONG *v.* STATE.

### Opinion delivered February 19, 1912.

1. TRIAL—CRIMINAL LAW—SEPARATION OF JURORS.—Where, in a felony case, after directing the jury to keep together and placing them in charge of an officer, the judge permitted one of the jurors to separate from his fellows unaccompanied by an officer, this is ground for new trial unless it affirmatively appears that no prejudice resulted. (Page 358.)

2. INDICTMENT—MISNOMER OF PROSECUTRIX.—The fact that an indictment for rape describes the prosecutrix by her maiden name, instead of her married name, is immaterial where she was commonly known by the former name. (Page 360.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant was convicted of the crime of rape upon the person of Ella Hardcastle, and sentenced to be hanged.

The testimony shows that the rape was committed at night, at about 3 o'clock in the morning, by some one who entered the room, through a window, where the prosecuting witness was asleep. She was awakened by the striking of a match and by the light from it and the reflection of the electric light through the window, saw her assailant and, afterwards on the next day, when he was arrested, identified the defendant as the person.

The defense was an alibi, and the defendant and several other witnesses testified that he was at a different place at the time the rape was committed.

It appeared further that the prosecuting witness had been married, and that her husband's name was Musser, but that she had retained her maiden name and was commonly known by it; and that during the progress of the trial, after most of the testimony had been taken and the jury had been admonished and instructed, as the law requires, and placed in the charge of a deputy sheriff, especially sworn for that purpose to be kept together, that the officer in charge of the jury over night, during the adjournment of the court, at about 11 o'clock, called up the judge and reported that the wife of Mike Sullivan, one of the jurors, was in labor of childbirth, and was very ill, and that the juror desired to go home to his wife. The judge called the juror to the 'phone, admonished him to strictly heed the instructions the court had given to the jury, to let no act of his cast suspicion on the verdict of the jury that might be reached, and permitted him to go home, telling him to return as soon as he could, which he did about 7 o'clock the next morning, and remained with the other jurors until the end of the trial, they having been continuously kept together. No officer accompanied the juror that was permitted to separate from the others.

*W. T. Tucker*, for appellant.

1. The separation of the jury, not in charge of an officer, and without an order of court, impeached the purity of the

trial.   76 Ark. 487; 44 *Id.* 115; 57 *Id.* 1; 12 *Id.* 782; 95 *Id.* 428. The judge is not the court.

2.   Defendant must be present when any substantive step is taken, and need not show prejudice.   44 Ark 331; 24 *Id.* 620; 50 *Id.* 492.

3.   The name of the party injured must be alleged and proved as alleged.   3 Gr. Ev., § 22; 5 Ark. 72; 9 *Id.* 193; 32 *Id.* 609; 13 *Id.* 712; 34 *Id.* 720; 16 *Id.* 499.

4.   It was error to refuse the instructions asked as to alibi and identity of the party.   147 Ill. 468; 83 Miss. 260; Brickwood's Sackett on Instructions, § 2446, (3 ed.); 68 Ill. 271; 3 Gr. Ev. (14 ed.) § 30; 5 Cush. (Mass.) 320.

5.   It was error to refuse the instructions 22, 23 and 24, and the verdict is clearly against the evidence.   70 Ark. 385; 21 *Id.* 468; 24 *Id.* 224; 13 *Id.* 71; 39 *Id.* 491; 34 *Id.* 632; 10 *Id.* 492.

6.   There was error in the court's charge as to reasonable doubt and presumption of innocence.   70 Ark. 341; 71 *Id.* 642.   The guilt must be proved.   3 Gr. Ev. § 29 (14 ed.); 69 Ark. 538; 73 *Id.* 291; 29 *Id.* 266; 16 L. R. A. (N. S.) 260. As to reasonable doubt, see 73 Ark. 315; 81 *Id.* 16; 95 *Id.* 100; 69 *Id.* 537.

*Hal L. Norwood*, Attorney General, and *Wm. H. Rector*, Assistant, for appellee.

1.   It was within the sound discretion of the court to allow one of the jurors to be separated from the rest.   No prejudice is contended for.   Kirby's Digest, § 2390; 32 Ark. 309.

2.   There is no variance between the allegation and proof as to the name.   She was commonly known as Hardcastle. This is sufficient.   16 Gray 1; 50 Miss. 81; 64 Me. 507; 67 N. C. 55; Russ & Ry. 510; 4 Fost & F. 1099; 20 N. H. 250; 7 Car. & P. 298; 25 Tex. 574; 44 Me. 469; 20 Grat. 825; 54 Me. 569; Joyce on Indictments, § 356; 104 N. Y. Supp. 277; 129 Ala. 16; 121 Ga. 193; 128 Ia. 518; 5 Ill. 172; 44 So. Rep. 184.

Kirby, J., (after stating the facts).   Of the many errors assigned in the motion for a new trial only such will be noticed as are necessary to the decision herein.

It is first strongly urged that the court erred in permitting the jury to separate during the trial before the case was sub-

mitted to them. It is within the discretion of the trial court to permit the jury to separate, or to keep them together, after admonishing them as the law requires, in the charge of a proper officer, before or after the case is submitted to them. Sections 2390-2393, Kirby's Digest. But this discretion of the court in allowing the separation of the jury should be exercised with the utmost caution, especially in trials for felonies, since it is possible for great prejudice to result from such separation. *Johnson* v. *State*, 32 Ark. 309.

In *Ferguson* v. *State*, 95 Ark. 430, the court said: "The rule as to the separation of jurors during a trial in a felony case is stated in *Maclin* v. *State*, 44 Ark. 115, 119, as follows: 'But it has long been the rule of this court in case of felony that a separation of a juror from his fellows pending the trial casts upon the State the burden of showing that no improper influence was brought to bear upon the juror during his absence. In other words, the mere fact that a juror separates from his fellows without the order of court is *prima facie* ground for a new trial, unless it affirmatively appears that the separating juror was not subjected to any noxious influence.' The object of this rule is apparent. The jury are kept together, and an officer is put in charge of them and directed to see that they do not separate to protect the defendant against outside influence. They are not allowed to have any communication with outside persons with respect to the guilt or innocence of the defendant on trial, and it is the duty of the officer in charge to see that they do not. This protection is due to the defendant, and the State should see that he receives it. It is not expected of him to employ some one to watch the jury and report any misconduct on their part. Hence, when they separate, the burden is upon the State to show, by circumstances or directly, that the absent juror was not subjected to any injurious influence."

It is true in this case the judge permitted this juror to separate from the others that he might attend his sick wife, and admonished him properly as to his conduct during his absence from the jury, and that he should return as soon as possible, but the court had already decided that it was necessary in order to secure the accused a fair trial that the jury should be kept together and placed them in charge of an officer properly

directed for that purpose. Having exercised the discretion to keep the jury together, the statutory requirements should have been complied with, in order to preserve the integrity of the trial, as was said in *Southerland* v. *State,* 76 Ark. 488.

Conceding, without deciding, that the judge, under the circumstances could permit it, he should have required an officer to accompany the juror, during his separation from the others, after having held that it was necessary that the jury be kept together. Not having done so, the case is not different from that where it is shown a juror was separated from the jury, without the court's order, after it was put in charge of the officer to be kept together, and such separation is *prima facie* ground for a new trial, unless it affirmatively appears that the separating juror was not subjected to any noxious influence. And the burden is upon the State to show that no prejudice in fact resulted from such separation, and it could have been discharged by the court having the juror sworn and questioning him as to his conduct during the separation, but, there being no testimony in this case to remove the presumption, the court erred in not granting a new trial.

It is further insisted that there was a fatal variance in the proof, it being alleged that the rape was committed upon Ella Hardcastle, and proved that she had been married and that her husband's name was Musser. We do not think this contention sound, however. She testified that she had not taken her husband's name, since he was away at medical school, and that she was a trained nurse and commonly known as Ella Hardcastle. Bishop on Criminal Procedure, 686; Joyce on Indictments, 356. See also *Ford* v. *State,* 129 Ala. 16; *Whittington* v. *State,* 121 Ga. 193; *Bartlett* v. *State,* 128 Ia. 518; *Durham* v. *People,* 5 Ill. 172; *Stallworth* v. *State,* 41 So. (Ala.) 184.

Numerous assignments of error are urged as to the giving and refusing of instructions, and especially because of the court's failure to give certain instructions upon reasonable doubt. Some of these instructions requested correctly stated the law, but the court gave numerous instructions correctly submitting the question and carefully guarding appellant's rights upon this phase of the law, and committed no error in refusing to give others upon the same point.

We have carefully examined the charge, and find it full, fair and correct, and that defendant's rights were in no wise prejudiced thereby.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.

HART, J., (concurring). The court, in the exercise of its discretion, had ordered the jury to be kept together during the trial. I concur in the judgment of reversal on the ground that the action of the court in allowing the juror to separate from his fellow-jurymen was a substantive step in the trial. Under the common law, it is the right of the defendant on trial for a felony to be present when any substantive step is taken by the trial court in his case, and this rule is adhered to in this State, with certain exceptions under the statute, which it is not necessary to notice here; for the defendant was confined in jail, and his absence was enforced.

In the case of *Bearden* v. *State*, 44 Ark. 331, Chief Justice COCKRILL, speaking for the court, expressed the view that the swearing of the witnesses and putting them under the rule in a capital case in the absence of the defendant was a violation of his rights.

Subsequently, in the case of *Kinnemer* v. *State*, 66 Ark. 206, the court held that it is error in a felony case for the court, in defendant's absence, to reread the instructions to the jury, at their request, though they are read exactly as at first given, since the defendant had a right to know that such was the case, and to be present for that purpose. See also *Stroope* v. *State*, 72 Ark. 379. Likewise, I think the action of the court in permitting a separation of the jurors was a substantive step in the trial of the case.

It is true that the separation of the jurors was a matter within the discretion of the court, but any proceeding that is the subject of judicial discretion is susceptible to abuse. A case might arise in which the defendant would be in possession of facts and circumstances which, if imparted to the court, would influence it in the exercise of its discretion; at least, the defendant has a right to be present to see for himself that the court does not abuse its discretion.

McCULLOCH, C. J., (dissenting). There is nothing in

the record tending to show whether or not the juror Sullivan was exposed to any influences which could have operated to the defendant's prejudice. All that the record discloses is that he was permitted by the court to go to the bedside of his wife, who was in childbirth. The result of the former decisions of this court is that where the jury is permitted to separate by an order of the court the burden is on the defendant to show that his rights were prejudiced thereby, or, in other words, that some juror was actually exposed to improper influences; on the other hand, where the court, in the exercise of its discretion, decides to keep the jury together and not allow the jurors to separate, and there is a violation of this order by a separation, then the burden is imposed on the State to make an affirmative showing that the separated jurors were not exposed to any improper influences. *Maclin* v. *State*, 44 Ark. 115; *Hamilton* v. *State*, 62 Ark. 543. The reason for this distinction is, that the statute vests in the trial court a discretion in such matters; and where the court, in its exercise, allows a separation of the jurors, it is the duty of the appellate court to indulge the presumption that it was a proper exercise of that discretion until the contrary is made to appear and proof is adduced showing that actual prejudice resulted. But where the court, in the exercise of its discretion, decides to keep the jurors together, the presumption is that there is some necessity for this, and that prejudice resulted from separation unless the contrary is affirmatively shown. In the present case the court ordered the jurors kept together, but in the special emergency which was presented the trial judge decided to let this particular juror go to the bedside of his wife. The court, by first making an order for the jury to be kept together, did not exhaust its powers, but the statutory discretion remained in the court during the progress of the trial. The direction given by the trial judge was an order of the court, even though it was given after the court has adjourned over until the next day. We ought, I think, to indulge the presumption, until the contrary appears, that there was no abuse of the court's discretion. It is probable that the learned trial judge knew the juror, his habits and character, and, knowing the particular circumstances which called for his separation, decided that there was nothing improper in permitting it. It seems to me that it is carrying

the rule too far to say that under those circumstances there has
been an abuse of discretion or that the presumption should be in-
dulged, until the contrary appears, that the juror was subjected
to improper influences. In *Palmore* v. *State,* 29 Ark. 248, it
was said that "this court has not favored the setting aside of
a verdict for mere separation, unless something more than
opportunity for undue influence is shown." I think the
decision in this case shows a very different policy. The direc-
tion of the circuit judge to the sheriff to allow the juror to sep-
arate from his fellows was not in my opinion such a substantive
step in the progress of the trial that could not be made in the
absence of the defendant. *Mabry* v. *State,* 50 Ark. 492; *Atter-
berry* v. *State,* 56 Ark. 515.

    With proper deference to the opinion of the other judges,
it seems to me that the reversal of this case on account of the
separation of the juror is entirely technical, the proceedings
being otherwise free from error. Doubtless, all will agree that
it is unfortunate for the law to be such that a reversal must
result under this state of the record. This being true, it is to
be hoped that the Legislature will afford relief by changing the
law so that in such cases the burden will be on the accused to
show that his rights have been prejudiced by an exposure of
one of the jurors to improper influences.

