## BORLAND v. STATE.

Opinion delivered March 26, 1923.

1. INDICTMENT AND INFORMATION—DISQUALIFICATION OF GRAND JUROR.—Under Crawford & Moses' Dig., § 3030, providing that no indictment shall be void because any of the grand jury failed to possess legal qualifications, it was not error to overrule a motion to quash an indictment which alleged that a member of the grand jury was not at the time a qualified elector and citizen.

2. CRIMINAL LAW—ORDER OF TRIAL.—Where defendants, jointly indicted for murder, moved for severance and election of order of trial, under Crawford & Moses' Dig., § 3140, and the motion was granted, and the prosecuting attorney entered a *nolle prosequi* against the first two defendants and placed appellant on trial, the latter was not deprived of his right of election of order of trial; section 3140 meaning that defendants shall be tried in the order entered on the docket, unless some legal reason, such as the entry of a *nolle prosequa*, intervenes.

3. CRIMINAL LAW—CONTINUANCE.—It was not error to refuse a continuance where the motion therefor was not sworn to by defendant or his attorney.

4. JURY—DISQUALIFYING OPINIONS.—Jurors' opinions, formed from reading newspaper publications, did not disqualify where the jurors stated that they would disregard them and try the case fairly and impartially.

5. CRIMINAL LAW—SEPARATION OF JURORS.—Under Crawford & Moses' Dig., § 3187, authorizing the court, in the exercise of its discretion, to permit a separation of the jurors before submission of the cause, it was not error to permit a separation in a murder case where no abuse of discretion is shown, and it does not appear that any jurors were subjected to improper influences.

6. CRIMINAL LAW—VOLUNTARY CONFESSION.—In a murder prosecution, a written confession, made without deception, threat, hope of reward or inducement of any kind, was admissible.

7. HOMICIDE—SELF-DEFENSE—INSTRUCTION.—Where there was evidence in a prosecution for murder which tended to raise the issue of self defense, there was no error in instructing on the law thereof, although defendant did not plead self defense.

8. CRIMINAL LAW—INVOLUNTARY DRUNKENNESS.—Drinking whisky at another's request does not make the drunkenness therefrom involuntary, as one must be coerced to drink before his act or the effect can be classed as involuntary.

9. HOMICIDE—DRUNKENNESS AS DEFENSE.—Drunkenness as a defense is limited to the charge of murder in the first degree.

10. HOMICIDE—INSTRUCTIONS—HARMLESS ERROR.—In a prosecution for murder it was not prejudicial error to refuse a charge that if defendant was intoxicated to the extent that he was not conscious of what he was doing, then he could have no specific intent to kill under the law, where he was acquitted of murder in the first degree.

11. HOMICIDE—ABSTRACT INSTRUCTION.—In a prosecution for murder, it was not error to refuse an instruction relating to an accidental killing in an effort by defendant to chastise deceased where there was no evidence to that effect.

12. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It was not error to refuse a requested instruction fully covered by instructions given.

Appeal from Crittenden Circuit Court; *R. E. L. Johnson,* Judge; affirmed.

*Rudolph Isom and W. B. Scott,* for appellant.

Court erred in overruling motion to quash indictment; a member of grand jury returning it not being a qualified elector. *U. S.* v. *Gale,* 109 U. S. 65; *Reich* v. *State,* 53 Ga. 73; *Crawley* v. *U. S.,* 194 U. S. 461; *Ex parte Reynolds,* 53 Tex. Criminal, 437, 34 S. W. 120; *Eastling* v. *State,* 69 Ark. 489, rendered after passage of § 2245, Kirby's Digest, § 6333, Crawford & Moses' Digest;

*Calloway* v. *State,* 120 Ark. 204, does not overrule . *Eastling* v. *State, supra.* · See also *State* v. *Brown,* 10 Ark. 78; sec. 2, art. 10, Const.    Should not have permitted a *nol. pros.* entered as to two defendants after the severance in order to force appellant to trial first.    Sec. 2513, Kirby & Castle's Digest; *Sims* v. *State,* 68 Ark. 189; *McDonald* v. *State,* 104 Ark. 317.    Court erred in not excusing jurors for cause who stated they had formed opinions of guilt of accused. *Polk* v. *State,* 45 Ark. 171; sec. 10, art. 2, Const.; 2 Words and Phrases, 576; *National Candy Co.* v. *Miller,* 160 Fed. 51, 87 C. C. A. 207; *Gammons* v. *State,* 85 Minn. 103, 37 So. 607; *Jackson* v. *State,* 103 Ark. 21, distinguished in not allowing further examination of them.    Also *Polk* v. *State,* 45 Ark. 71.    Peremptory challenges exhausted. *Stewart* v. *State,* 13 Ark. 730; *Meyer* v. *State,* 19 *Id.* 156; 1 Bishop, Criminal Procedure, sec. 910; *People* v. *Gehr,* 8 Cal. 359; *People* v. *Weil,* 40 *Id.* 268.    Challenges not exhausted.    *Wright* v. *State,* 35 Ark. 639. *Herman* v. *State,* 188 S. W. 541.    Jury should not have been allowed to separate.    Confession improperly admitted.    *State* v. *Smith,* 74 Ark. 397; *Conley* v. *State,* 50 Ark. 305; *Greenwood* v. *State,* 107 Ark. 568; *Frazier* v. *State,* 42 Ark. 70; *Dewein* v. *State,* 114 Ark. 472, 170 S. W. 582.    Court erred in giving special instruction number 20, and 14, 15 and 19; *Chowning* v. *State,* 91 Ark. 503. Also in refusing appellant's requested instruction 6, 7 and 8.    *Harris* v. *State,* 119 Ark. 85; *Howard* v. *State.* 82 Ark. 97; *King* v. *State,* 117 Ark. 82; *Gilchrist* v. *State,* 100 Ark. 330; *Rosemond* v. *State,* 86 Ark. 160. Instruction 6 exact copy of instruction held erroneously refused in *Chowning* v. *State,* 91 Ark. 503.    See also 91 Ark. 505; 94 Ark. 75; 103 Ark. 33; 102 Ark. 511; 36 L. R. A. 465.    As to 7, *Thorpe* v. *State,* 99 Ark. 188.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

No error in denying motion to quash indictment. Sec. 3030, Crawford & Moses' Digest; *Calloway* v. *State,*

120 Ark. 205; *Tillman* v. *State,* 121 Ark. 322.   Grand
juror was a citizen and elector anyway.  9 R. C. L. 542;
17 Enc. of Procedure 290-4.   Nor in allowing prosecut-
ing attorney to *nol. pros.* cases.  Secs. 3063, 3140, Craw-
ford & Moses' Digest; *Sims* v. *State,* 68 Ark. 188.  Rec-
ord also shows agreement of counsel to put appellant
on trial first. *Norsworthy* v. *State,* 149 Ark. 670; *Morris*
v. *State,* 142 Ark. 297.  Motion for continuance was not
verified; §§ 3130, 1270, Crawford & Moses' Digest;
*Brinkley* v. *State,* 148 Ark. 597.  Said § 1270 not affected
on this point by *Graham* v. *State,* 50 Ark. 161.  No error
in holding jurors qualified. *West* v. *State,* 150 Ark. 555;
*Crawford* v. *State,* 132 Ark. 518; *Branscum* v. *State,*
134 Ark. 66; *Gibson* v. *State,* 135 Ark. 520; *Mallory* v.
*State,* 141 Ark. 496.  Challenges were unnecessarily ex-
hausted on competent jurors. *Scruggs* v. *State,* 131
Ark. 320; *Gibson* v. *State, supra; Adkisson* v. *State,*
142 Ark. 15; *Ruloff* v. *State,* 142 Ark. 477; *Reap* v *State,*
143 Ark. 81; *Hall* v. *Smith,* 146 Ark. 579.  Question of
separation of jury not made ground of motion for new
trial. *Mabry* v. *State,* 80 Ark. 345; *Eno* v. *State,* 91
Ark. 441; *Johnson* v. *State,* 84 Ark. 95; *Jackson* v. *State,*
108 Ark. 425; *Barnes* v. *State,* 149 S. W. 506.  Sec. 3187,
Crawford & Moses' Digest, permits separation of jury.
*Johnson* v. *State,* 32 Ark. 309; *Armstrong* v. *State,* 102
Ark. 356; *Reeves* v. *State,* 84 Ark. 509.  *Carlton* v. *State,*
109 Ark. 516.  Confession was shown to be voluntary.
*Greenwood* v. *State,* 107 Ark. 568; *Dewein* v. *State,* 114
Ark. 472.  Question of admissibility of evidence for the
court. *Corley* v. *State,* 50 Ark. 305; *Smith* v. *State,* 74
Ark. 397.  No error in giving instruction 20 on self-de-
fense, and it could not have been prejudicial. *Mills* v.
*Roberts,* 136 Ark. 433; *Haynes* v. *Gwin,* 137 Ark. 387;
*National Union Fire Ins. Co.* v. *School Dist.,* 131 Ark.
547. Cannot complain of instruction in his favor. *Bush*
v. *Beason,* 130 Ark. 569; *Taylor* v. *State,* 72 Ark. 613;
*Reed* v. *State,* 141 Ind. 116, 40 N. E. 525; 10 Ann. Cas.
120; 13 R. C. L. 813; 11 Enc. of Procedure 674.  Law

correctly declared in instructions 14, 15 and 19 relative to drunkenness, and no specific objections were made. No specific intent to kill required to constitute murder in second degree. Instructions 6, 7 and 8, requested were properly refused as incorrect or covered by those given. Case should be affirmed.

HUMPHREYS, J. Appellant was indicted and tried for murder in the first degree, in the Crittenden Circuit Court, for killing Frank Heath, a negro, at Hulbert, Arkansas, on the 10th day of August, 1922. He was found guilty of murder in the second degree and adjudged to serve a term of ten years in the State Penitentiary for punishment therefor, from which is this appeal.

Appellant was indicted jointly with John J. Keeley, Will Townsend and Dudley Clegg, for said crime. They filed a motion to quash the indictment on the alleged ground that Lee Cook, a member of the grand jury which returned the indictment, was not at the time a qualified elector and citizen of Crittenden County, Arkansas. The motion was heard and overruled by the court, which ruling constitutes the first assignment of error insisted upon for reversal. It is provided by § 3030, Crawford & Moses' Digest, that "no indictment shall be void or voidable because any of the grand jury fail to possess any of the qualifications required by law." In the case of *Calloway* v. *State,* 120 Ark. 205, it was said, in construing the statute, that "on a motion to quash the indictment, its validity cannot be called in question on the ground that a member of the grand jury was not qualified to act."

After the motion to quash was overruled, the defendants in the indictment moved a severance and election of order for trial under § 3140 of Crawford & Moses' Digest, which is as follows:

"When jointly indicted for a felony, any defendant requiring it is entitled to a separate trial, and, when the trials are severed, the defendants may elect the order in which they shall stand upon the docket for trial, but, if

no such election is made, they shall stand in the order in which their names appear upon the indictment."

The motion was granted, and, in keeping with the election, the separate cases were entered upon the docket in the following order: first, William Townsend; second, Dudley J. Clegg; third, Hugh Borland (appellant); fourth, John J. Keeley. Whereupon the prosecuting attorney entered a *nolle prosequi* in the cases against William Townsend and Dudley J. Clegg, and announced ready in the case against appellant. Appellant objected to this proceeding, on the ground that it deprived him of the benefit of his election to be tried after William Townsend and Dudley J. Clegg. The statute of severance and election does not irrevocably and absolutely fix the order in which cases of codefendants shall be tried when their cases are severed and entered on the docket for trial. The meaning of the statute is that they shall be tried in the order entered, unless some legal reason intervenes to prevent trial in the order named. A legal reason intervened in this case. The prosecuting attorney, by and with the consent of the court, entered a *nolle prosequi* in each of the cases against appellant's codefendants which preceded appellant's case on the docket for trial. The *nolle prosequi* in each case was authorized by § 3063 of Crawford & Moses' Digest, which is as follows: "The prosecuting attorney, with the permission of the court, may, at any time before the case is finally submitted to the jury, dismiss the indictment as to all or a part of the defendants, and such dismissal shall not bar a future prosecution for the same offense." Appellant's second assignment of error therefore cannot prevail.

Appellant's third assignment of error is the refusal of the court to grant a continuance in this case. He filed an unverified motion for a continuance. It was not error to refuse to grant a continuance where the motion was not sworn to by appellant or his attorney. *Brickey* v. *State,* 148 Ark. 197.

Appellant's fourth assignment of error is that he was forced to exhaust his peremptory challenges of incom-

petent jurors, and thereby compelled to accept Mr. Sweeney and other jurors that he desired to challenge. It is contended that .W. W. Harris, J. B. Dulaney, George Spencer, W. F. Sloan, Will Gray, and H. P. Howard should have been discharged by the court for cause on their *voir dire.* When examined for qualification, each answered in substance that he had a fixed opinion of the guilt of appellant which it would take evidence to remove, formed from reading a verified confession of appellant in the newspaper. Each stated on cross-examination, however, that he could disregard the opinion formed by him and try the case fairly and impartially on the evidence and law, and would do so if chosen as a juror. Since the opinions were formed from reading newspaper publications, easily effaceable by sworn testimony given from the witness stand, they were not disqualifying opinions, when the parties holding them stated that they would disregard such opinions and try the case fairly and impartially. *Hardin* v. *State,* 66 Ark. 53; *Sullins* v. *State,* 79 Ark. 131; *Jackson* v. *State,* 103 Ark. 21; *Crawford* v. *State,* 132 Ark. 518; *Gibson* v. *State,* 135 Ark. 520; *West* v. *State,* 150 Ark. 555.

Appellant's fifth assignment of error is that the court permitted the jury to separate. Authority to do this, in the exercise of a sound discretion, is conferred on trial courts by § 3187 of Crawford & Moses' Digest. No abuse of discretion was shown. *Johnson* v. *State,* 32 Ark. 309, and it does not appear that any of the jurors were subjected to improper influences during the dispersion of the jury. No error was committed in permitting them to separate. *Reeves* v. *State,* 84 Ark. 569; *Carleton* v. *State,* 109 Ark. 516.

Appellant's sixth assignment of error is the admission of his written confession in evidence by the court. The only claim, bearing a semblance of right, against the introduction of the confession, is the insistence that it was induced by promise of partial immunity. Appellee testified that he made confession because he was told, and

believed, that he would get off easier by doing so. The testimony of the witnesses present when the confession was made was to the effect that the assistant prosecuting attorney advised appellant that, if he made confession, it must be entirely voluntary, and that it could and would be used against him in his trial upon the charge of murder; that he announced a willingness to make a full confession, which he proceeded to do by affirming the written confession he had theretofore made in Memphis. The written confession itself closed with the statement that it was voluntarily made. Under the decided weight of evidence, the confession was made without deception, threat, hope of reward, or inducement of any kind, and was therefore admissible in evidence. *Greenwood* v. *State,* 107 Ark. 568.

Appellant's seventh assignment of error is that the court defined the law of self-defense, in instructing the jury, without a scintilla of evidence in the record upon which to base it. It is contended that appellant did not plead that he killed Frank Heath in necessary self-defense, or that he was killed by any of appellant's codefendants in necessary self-defense. The testimony introduced by the State tended to show that appellant and his codefendants attacked six negroes with firearms, who were waiting for the train, on the depot platform at Hulbert, Arkansas, on the 10th day of August, 1922, between seven and eight o'clock p. m., and killed two of them, Frank Heath and Z. M. Brown. Appellant testified that he and his codefendants approached the negroes for the purpose of inducing them to quit working for the railroad company; that two of the negroes made breast and side-pocket movements as if to fight, whereupon he (appellant) drew a gun and told them to wait a minute, they wanted to talk to them; that shooting then began from behind and on the side, when two negroes fell and the others ran; that he jumped in front of them and shot into the ground three times to prevent them from running in the direction of the guard-house. It is true, appellant denied shooting at the negroes, and did not specifically interpose

a plea of self-defense to the charge of murder, but his testimony to the effect that two of the negroes made movements as if to fight tended to raise the issue of self-defense, which entitled the State to an instruction defining the law upon that subject, even if appellant did not request or want it. It was the duty of the court to instruct the jury upon every phase presented by the evidence, although not error to fail to do so in the absence of a request for instructions covering all questions presented by the testimony.

Appellant's eighth assignment of error is that the court incorrectly declared the law, in instructions 14, 15 and 19, applicable to the facts in relation to his plea of drunkenness as a defense to the charge against him. The main objection made to the instructions is that they define the law applicable to voluntary drunkenness when interposed as a defense to crime, but fail to define the law applicable to involuntary drunkenness when pleaded as a defense to crime. Appellant contends that he drank whiskey, which intoxicated him, at the suggestion of Seth W. Poston, and not of his own volition. Drinking whiskey at the request of another does not make the drinking, or the drunkenness therefrom, involuntary. One must be coerced to drink before his act or the effect can be classified as involuntary. One necessarily wills to drink who drinks at the invitation or mere suggestion of another. The record in the instant case does not reflect that Poston forced appellant to drink, so the instructions applicable to voluntary drunkenness were responsive to the testimony. Another objection made to instruction No. 19 is that the court limited drunkenness as a defense to the charge of murder in the first degree, when he should have extended it to murder in the second degree. The objection is not tenable. The court decided, in *Byrd* v. *State,* 76 Ark. 286, that, "as the specific intent to kill is unnecessary in murder in the second degree, under our statute, if one voluntarily becomes too drunk to know what he is about, and then, without provocation, assaults

and beats another to death, he commits murder in the second degree, just as if he were sober."

Appellant's ninth assignment of error consists in the refusal of the court to give his request No. 6, which is as follows:

"The court further charges you that, if you find and believe from the evidence that the defendant was intoxicated to that extent that he was not conscious of what he was doing, being drunk to the extent that he could have no specific intent to kill, under the law, he would not be guilty of murder in either the first or second degree." This instruction was covered by the court's instruction No. 14, but, if not fully covered by that instruction, no prejudice resulted to appellant on account of the court's refusal to give same, as he was convicted of a crime which did not contain elements of premeditation and deliberation. He was acquitted of murder in the first degree, in which intent to take life was a necessary element. It was not error therefore to refuse the instruction.

Appellant's tenth assignment of error consists in the court's refusal to give his request No. 7, which is as follows: ·

"The court further charges you, gentlemen of the jury, that, if you find from the evidence that it was the intent of this defendant merely to inflict chastisement upon the deceased, and death resulted from an unexpected incident, then you could not find the defendant guilty of either murder in the first degree or murder in the second degree." There is nothing in the record to show that appellant's intent was to merely chastise Frank Heath, and that his death resulted from an unexpected incident. The request was properly refused as not being responsive to the testimony.

Appellant's eleventh and last assignment of error consisted in the court's refusal to give his request relative to the admissibility of and the weight to be accorded his confession. The requested instruction was

fully covered by the court's instruction numbered 17. The court was not required to multiply instructions covering the same subject-matter.

No error appearing, the judgment is affirmed.