CROWE v. STATE.

Opinion delivered February 11, 1929.

*McNalley & Sellers,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

Hart, C. J., (after stating the facts). It is first earnestly insisted by counsel for the defendant that the evi-

dence is not legally sufficient to warrant the jury in finding him guilty of murder in the first degree. We do not agree with counsel in this contention. The jury were the judges of the credibility of the witnesses, and, when all the attendant circumstances are considered, it had the right to find that defendant killed the deceased with premeditation and after deliberation. The defendant confessed to killing the deceased, and there is nothing whatever in the record tending to show that the confession was not voluntary. There were three bullet wounds in the body of the deceased. One of them was in the back, which might indicate to the jury that the defendant shot the deceased while he was running away, and that the deceased did not at any time attempt to hurt the defendant. There was also a knife wound in the body of the deceased, on the left side, which was about two inches long and big enough for a man to insert his fingers in and feel around. The defendant admitted that he made this knife wound in the body of the deceased before he put it in the car. The State also proved that the defendant had made threats against deceased at various times. These facts and circumstances, testified to by the witnesses for the State, if believed by the jury, fully warranted it in returning a verdict of guilty of murder in the first degree. *Owens* v. *State,* 120 Ark. 563, 179 S. W. 1014; *Thomas* v. *State,* 161 Ark. 644, 257 S. W. 376; *Beason* v. *State,* 166 Ark. 142, 265 S. W. 956; *Harris* v. *State,* 169 Ark. 627, 276 S. W. 361; *Lesieurs* v. *State,* 170 Ark. 560, 280 S. W. 9; and *Adams* v. *State,* 176 Ark. 916, 5 S. W. (2d) 946.

It is next insisted that the court erred in admitting the testimony as to the threats made by the defendant against the deceased. According to the evidence for the State, the defendant was the aggressor, and, according to the testimony of the defendant, the deceased was the aggressor. Threats are circumstantial facts which tend to show motive. In any case, uncommunicated threats are admissible as tending to show who was the aggressor and to show ill will or motive for the killing, if made by the defendant. The threats proved by the State in the

present case were made during the months of May, June, July and August of 1928, and the killing occurred in the latter part of August of the same year. Hence they were not so remote in time as to render incompetent the testimony, nor can it be said that they were so ambiguous as to render them inadmissible. *Combs* v. *State,* 163 Ark. 550, 260 S. W. 736; and *Humpolak* v. *State,* 175 Ark. 786, 300 S. W. 426.

We have carefully examined the instructions given by the court, and find them to be in accordance with the settled principles of law, except in one respect. The defendant was indicted for murder in the first degree, and the jury returned a verdict in which they found him guilty of murder in the first degree as charged in the indictment. The defendant was sentenced to death by the court. The court did not instruct the jury as to its right to render a verdict of life imprisonment in the State Penitentiary, at hard labor, in accordance with the provisions of § 3206 of Crawford & Moses' Digest. Under this section of the statute the jury had the right to fix the punishment of the defendant at life imprisonment, at hard labor in the penitentiary. This was the lesser penalty provided by the statute, and the court erred in not so instructing the jury. There is no other error, however, in the record; and the error in this respect can be cured by modifying the judgment of the lower court by reducing the punishment from the death penalty to life imprisonment in the State Penitentiary, at hard labor. This is accordingly done.

There being no other error in the record, the court can remove all prejudice that might have resulted to the defendant from the failure of the court to instruct the jury that it might impose the lesser penalty provided by the statute by reducing the punishment to life imprisonment. It is well settled that the court does not reverse a judgment and remand a cause for a new trial for errors which the record affirmatively shows could not be prejudicial to the rights of the defendant. That this is the proper procedure was decided in *Davis* v. *State,* 155

Ark. 245, 244 S. W. 750. As bearing on the question, see *Bullen* v. *State*, 156 Ark. 148, 245 S. W. 493; and *Clark* v. *State*, 169 Ark. 717, 276 S. W. 849.

With the modification above stated, the judgment will be affirmed.