## COOK v. STATE.

Opinion delivered March 25, 1929.

*Syd Reagan* and *John E. Harris,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

Wood, J.  O. L. Cook was indicted in the Union Circuit Court for the crime of murder in the first degree in the killing of one Freeman Scott.  The indictment was valid.  The defendant was put on trial for the offense charged, and the jury, after hearing all of the evidence, the instructions of the court and the argument of counsel, retired to consider their verdict, and afterwards returned into court the following verdict: "We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment."  The defendant, by the judgment of the court, was sentenced to be put to death by electrocution, from which judgment he duly prosecutes this appeal.

1.  Appellant's counsel contend that the evidence is not sufficient to sustain the verdict of murder in the first degree.  It would serve no useful purpose to set out the testimony in detail.  Suffice it to say the confession of the appellant, made out of court, which was shown to be free and voluntary by the officer who heard it, and which was corroborated by other evidence of the killing, was sufficient to warrant the verdict of the jury.  See *Johnson* v. *State*, 135 Ark. 377, 205 S. W. 646; *Henry* v. *State*, 151 Ark. 620, 237 S. W. 454; *Borland* v. *State*, 158 Ark. 37, 249 S. W. 591; *Standridge* v. *State*, 169 Ark. 294, 275 S. W. 336.

2.  Counsel for appellant also contend that the court erred in not instructing the jury that it had a right, in case it found the appellant guilty of murder in the first degree, either to impose the death penalty or life imprisonment in the penitentiary at hard labor.  Upon examination of the bill of exceptions we find that the trial court gave the following instruction:

"You are instructed that, if you find from the evidence in this case, beyond a reasonable doubt, that the defendant, O. L. Cook, in Union County, Arkansas, and before the return of the indictment herein into court, did unlawfully, feloniously, willfully, of his malice aforethought and after premeditation and deliberation, kill

Freeman Scott by cutting him with a knife, as alleged in the indictment, you will find the defendant guilty of murder in the first degree."

The bill of exceptions does not show that the court instructed the jury that it had the right, in case it found the defendant guilty of murder in the first degree, to. fix his punishment at life imprisonment at hard labor in the State Penitentiary. At the instance of the State, the clerk of this court issued a certiorari to the clerk of the Union Circuit Court, suggesting a diminution of the record in omitting an instruction given by the trial court advising the jury that, in the event the defendant was convicted of murder in the first degree, the jury could, under the statute, fix the punishment at life imprisonment. In response to the certiorari the clerk of the circuit court of Union County sent up the following:

"Gentlemen of the jury, if you find the defendant guilty of murder in the first degree, your verdict will be, 'We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment.' This verdict carries with it the death penalty; or you may return a verdict in about these words, 'We, the jury, find the defendant guilty of murder in the first degree, as charged in the indictment, and assess his punishment at hard labor in the State Penitentiary for life.'

"State of Arkansas, county of Union. I, Walter F. Cawthon, official stenographic reporter for the Thirteenth Judicial Circuit Court of the State of Arkansas, do hereby certify that the above instruction was given to the jury, at the conclusion of argument of counsel, in the case wherein the State of Arkansas was plaintiff and O. L. Cook was defendant, the same being tried in the Union Circuit Court. In witness whereof I have hereunto set my hand on this the 13th day of March, A. D. 1929. Walter F. Cawthon."

The clerk of Union Circuit Court certified that the above was a full, true and complete transcript of the diminution suggested. Neither the official stenographer

of the Union Circuit Court nor the clerk thereof is authorized to authenticate the bill of exceptions. Only the circuit judge himself, trying the cause, could do that. See *Beecher* v. *State,* 80 Ark. 600, 97 S. W. 1036; *Abbott* v. *Kennedy,* 133 Ark. 105, 201 S. W. 830; *Blackford* v. *Gibson,* 144 Ark. 240, 222 S. W. 367; *Mo. Pac. Ry. Co.* v. *Brewer,* 154 Ark. 96, 241 S. W. 864. There is nothing in the transcript of the record before us, including the certiorari and response thereto, to show that the above instruction which the official stenographer certified was given by the trial court was included in the bill of exceptions signed by the trial judge, and there is nothing in the transcript to show that the circuit clerk of Union County omitted to copy the alleged instruction from the bill of exceptions. There is no call for such instruction in the bill of exceptions. We can only determine whether certain instructions were given or refused by an examination of the bill of exceptions. The judgment roll or record proper does not show the rulings of the trial court on the prayers for instructions. Prayers for instructions granted or refused by the trial court must be shown in the bill of exceptions, and the bill of exceptions must be authenticated by the trial judge. Therefore there is no properly authenticated bill of exceptions brought into this record showing that the trial court instructed the jury that it had the right, in the event it found the appellant guilty of murder in the first degree, to assess his punishment at hard labor for life in the State Penitentiary. The Attorney General has not asked for further time to correct the bill of exceptions, if same could be done, therefore we must take the record as we now find it.

Since it does not appear from the bill of exceptions that the trial court instructed the jury as to its right to render a verdict of life imprisonment at hard labor in the State Penitentiary, the court erred in not so instructing the jury. But this error can be cured by modifying the judgment of the lower court so as to reduce the

punishment of the appellant to life imprisonment at hard labor in the State Penitentiary. It was so held in the recent case of *Crowe* v. *State,* 178 Ark. 1121, 13 S. W. (2d) 606. That procedure will be followed here. Accordingly the judgment of the trial court will be modified as above indicated, and, as so modified, will be affirmed. It is so ordered.