STANLEY *v.* STATE.

Opinion delivered June 22, 1931.

*Paul G. Matlock*, for appellant.

1098

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

KIRBY, J., (after stating the facts). It is first urged that the evidence is not legally sufficient to warrant the verdict of murder in the first degree, and in any event that the court erred in not instructing the jury of the lesser punishment they could have inflicted if they found defendant guilty of murder in the first degree.

The testimony is set out at some length, and we are constrained to agree with the contention that it is not sufficient to warrant the verdict of murder in the first degree. There is no testimony indicating any deliberate or premeditated intention to kill or to take the life of the deceased, or that, prior to the difficulty, appellant harbored any malice or ill will towards him. No threats of any kind are shown to have been made. No killing can be murder in the first degree in the absence of premeditation and deliberation. Section 2338, Crawford & Moses' Digest; *Harris* v. *State,* 119 Ark. 85, 177 S. W. 421. In the case cited, the court, quoting from an earlier case, *Bivens* v. *State,* 11 Ark. 455, said: "* * * The distinctive feature of this particular class of cases of murder in the first degree being a wilful, deliberate, malicious and premeditated specific intention to take life. The inquiry then in cases of this class of murder in the first degree must always be, was the killing wilful, deliberate, malicious and determined on before the act of killing? If it was, then that degree of malice has superinduced the act that is necessary to make it rank in the highest grade of murder. * * * And it is only necessary that the premeditated intention to kill should have actually existed as a cause determinately fixed on before the act of killing was done, and was not brought about by provocation received at the time of the act, or so recently before as not to afford time for reflection.''

The killing appears to have been the result of a sudden quarrel, difficulty or row provoked and brought on by the deceased in the serving of appellant with the

bowl of chili that he had ordered, as he had the right to do, in the place where he was employed. There was no conversation testified to by any witness that should have provoked deceased into attempting to eject appellant from the premises, and, from the statements testified to, it appeared defendant was willing to go, if permitted to do so. Regardless of the merits of the controversy, the testimony shows that the deceased provoked the difficulty and followed it up, throwing stove wood at appellant in trying to eject him from the premises, continued to be the aggressor until appellant had gotten out of the kitchen; that appellant claimed that he only threw the stick of wood, that he had snatched up from the box in the street, at his assailant, when he was pursuing him out of the back door, in order to protect himself. It is true the marshal testified that appellant told him he stood by the door on the outside, called the deceased to come out and then threw the stick of wood, striking him as he came out. The appellant denied this story and was corroborated by another witness, who said he saw him throw the stick of wood from where he had gotten it out of the wood box in the street, and saw it strike the deceased. Even if he stood by the side of the door and threw the missile at deceased, who provoked the difficulty and pursued him beyond the door, where the marshal said he had confessed he was standing, when he threw the wood at deceased, it was but in continuation of the difficulty and altercation, provoked by the deceased, so recent as to have afforded appellant no time for reflection, or cooling time, that would have constituted the result of killing his pursuer, under circumstances, murder in the first degree. The majority have concluded that, under the circumstances and according to the undisputed testimony, the killing could not have been murder in the first degree, and that the evidence is insufficient to support a conviction for a greater offense than murder in the second degree, for which the punishment shall be

1100

imprisonment in the penitentiary for a period of five years.

The court erred, of course, in not informing the jury that it was authorized to assess the lesser penalty of life imprisonment, if they found the appellant guilty of murder in the first degree, in accordance with the statute and our decisions, and the confession of error of the attorney general on this point is sustained. *Crowe* v. *State,* 178 Ark. 1121, 13 S. W. (2d) 606; *Cook* v. *State,* 179 Ark. 244, 15 S. W. (2d) 323; *Williams* v. *State, ante* p. 873.

In accordance with the practice, for the said error of the court in the failure to instruct the jury as to the punishment they could have assessed, life imprisonment, on a conviction of murder in the first degree, and because the evidence is insufficient to support the verdict for a greater offense than that of murder in the second degree, the judgment will be modified here, reducing the offense to murder in the second degree, with a sentence of 5 years in the penitentiary. *Simpson* v. *State,* 56 Ark. 19, 19 S. W. 99; *Routt* v. *State,* 61 Ark. 594, 34 S. W. 262; *Crowe* v. *State,* 178 Ark. 1121, 13 S. W. (2d) 606.

It is so ordered.