SCARBER *v.* STATE.

4834                                      291 S. W. 2d 241

Opinion delivered June 4, 1956.

[Rehearing denied July 2, 1956.]

*Harry C. Robinson* and *Gordon H. Sullivan,* for appellant.

*Tom Gentry,* Attorney General and *Thorp Thomas,* Asst. Atty. General, for appellee.

MINOR W. MILLWEE, Associate Justice. This appeal is from a judgment entered upon a verdict imposing the death penalty against appellant, following his plea of guilty to the crime of rape.

The offense occurred in the early morning hours of August 29, 1955. The prosecutrix, a 76-year-old woman, lived alone in the Willisville community in Nevada County. Appellant entered the home by removing a screen from the back door. After grabbing the prosecutrix by the throat, beating her about the face and threatening to kill her, appellant proceeded to satiate his lust by ravishing her. A deputy sheriff tracked appellant to a barn where he was taken into custody.

Appellant was charged with rape and committed to the State Hospital for examination as to his sanity, and on October 3, 1955, hospital authorities reported that he

was without psychosis. After a thorough investigation of the case by able local counsel appointed to defend the appellant, a plea of guilty to the charge was entered on October 17, 1955. A hearing before a jury impaneled to fix the punishment on October 24, 1955 resulted in a verdict of guilty and assessment of the death penalty.

The first three assignments in the motion for new trial filed by counsel employed since the hearing challenge the sufficiency of the evidence to support the verdict. Aside from the plea of guilty, which is equivalent to a conviction (*State* v. *Wright,* 96 Ark. 203, 131 S. W. 688), there is ample independent, uncontradicted evidence to sustain the verdict.

Appellant next contends the court erred in failing to instruct the jury as to its power to fix the punishment at life imprisonment or death. There was no objection to the instructions given prior to submission of the case to the jury. In these instructions the court made it clear that it was within the jury's province to impose either life imprisonment or the death penalty. In this connection it is also argued that the court erred in telling the jury that they could fix the penalty at death only in the event they found "beyond a reasonable doubt" that appellant should receive such punishment. Not only did appellant fail to object to the instruction given but his request that it be amended to fully define "reasonable doubt" was granted. A judgment will not be reversed, even in a capital case, for the giving of an erroneous instruction which was not objected to in the trial court. *Johnson* v. *State,* 127 Ark. 516, 192 S. W. 895. Even if there had been a proper objection, appellant could not complain of an error that placed a greater burden on the state than it was required to assume under the law.

After a period of deliberation, the jury returned into open court and one of the jurors inquired whether there was any way that body could be assured that a life sentence would be served if assessed, or whether appellant might "stay up there a while and get out." In reply, the court stated that matters of clemency were

strictly within the power of the executive department and that such matters should not enter into the jury's final decision which should be based solely on the evidence and the law given them by the court. Appellant objected on the ground that "the court should have instructed the jury to determine the penalty involved and not to consider any clemency matter which was outside of their scope and should have given this as a direct order rather than in the ambiguous method used." We find no ambiguity in the court's reply which clearly and correctly answered the juror's query. See *Glover* v. *State*, 211 Ark. 1002, 204 S. W. 2d 373.

Appellant also contends that the jury should have been allowed to consider the charge of assault with intent to rape. No request was made for an instruction on this issue and there is no assignment in the motion for new trial based thereon. Even in cases which do not involve a plea of guilty, we have held that such an instruction is unnecessary when the facts establishing the principal offense cannot be interpreted as proving the lesser offense instead. *Whittaker* v. *State*, 171 Ark. 762, 286 S. W. 937; *Needham* v. *State*, 215 Ark. 935, 224 S. W. 2d 785. That is the situation here and this contention is without merit.

Appellant also assigns error in the court's action in impaneling a jury to fix the punishment. While Ark. Stats. Sec. 43-2153 did not repeal the old statute (Ark. Stats. Sec. 41-3403) fixing the penalty for rape at death, it empowered the jury to reduce the punishment to life imprisonment. *Allison* v. *State*, 204 Ark. 609, 164 S. W. 2d 442. A jury may not be waived in a case where the death penalty may be imposed and it was mandatory that the court impanel a jury to fix the punishment under Ark. Stats. § 43-2108. *Carson* v. *State*, 198 Ark. 112, 128 S. W. 2d 373.

Appellant finally contends for reversal on the ground that the record does not affirmatively show that the jury and officers in charge of the jury were sworn in accordance with Ark. Stats. Secs. 43-2121 & 43-2122. The record does affirmatively show that the jury "were

duly qualified, accepted and sworn" to try the case. Under this state of the record an objection that the jury was not properly sworn cannot be sustained. *Pruitt* v. *State,* (Ark.), 11 S. W. 822. Prior to submission of the case to the jury it was within the court's discretion under Sec. 43-2121 either to permit the jury to separate after proper admonition or to be kept together in charge of an officer who was properly sworn. In the case at bar, the record affirmatively shows that the "statutory admonition" was given to the jury upon being permitted to separate for a five-minute recess prior to submission of the case to them. There is nothing to indicate any abuse of the court's discretion in permitting the jury to so separate instead of requiring that they be kept together in charge of an officer. Appellant made no objection to the separation of the jury or the admonition given and there is no assignment in the motion for new trial relating thereto.

In the recent case of *Baxter* v. *State,* 225 Ark. 239, 281 S. W. 2d 931, relied on by appellant, there was a reversal because the record did not show that the officer conducting the jury to the scene of the crime had been sworn in compliance with Ark. Stats. Sec. 43-2120. That holding is inapplicable here. As the majority pointed out in that case, it was within the court's discretion under Sec. 43-2121, supra, to permit the jurors to separate under proper admonition by the court or to require them to be kept together in the charge of officers properly sworn. In cases where the court's action in exercising its discretion under the statute is properly brought forward in the motion for a new trial, such assignment cannot be considered on appeal in the absence of an objection in the trial court. *Lesieurs* v. *State,* 170 Ark. 560, 280 S. W. 9. Further, there is no contention that the jurors were subjected to improper influences during the five-minute recess and no abuse of the court's discretion has been shown. Under these circumstances, no error was committed in permitting them to separate after being given the statutory admonition. *Borland* v. *State,* 158 Ark. 37, 249 S. W. 591.

We find no prejudicial error, and the judgment is affirmed.

ROBINSON, J., not participating.